CHARLES J. MISSIR, Appellant, *v.* AMERICAN ORIENTAL ICE MANU-FACTURING COMPANY and Others, Respondents.

Second Department, June 29, 1922.

Contracts — language used in letter from one defendant to plaintiff construed to effect cancellation of contract between them — evidence — even if language construed as ambiguous, plaintiff would have right to show attendant circumstances — statement in bill of particulars that letter constituted cancellation would not preclude evidence of other acts of parties if letter should be considered insufficient.

A contract whereby certain shares of stock were assigned by the plaintiff to the defendant bank in payment of the plaintiff's indebtedness to the bank, and which provided that, if the plaintiff should breach the contract, the bank should be at liberty to treat the contract as void and claim from the plaintiff the whole amount of his said indebtedness, was definitely canceled by a letter from the bank to the plaintiff containing the following language: " that the non-execution on your part in the time permitted of your engagements definitely and precisely stipulated in our contract of the 6 of May, 1914, has put into effect the penalties and other consequences foreseen by Article 11 of the contract referred to."

*It seems,* that if the letter should not be construed as a cancellation, but as ambiguous, the plaintiff would be entitled to show the intention of the bank by proof of the surrounding circumstances.

*It seems,* that a statement in the plaintiff's bill of particulars, that the letter constituted a cancellation would not preclude evidence of prior and subsequent acts of the parties, if the writing itself should be considered insufficient to effect cancellation.

APPEAL by the plaintiff, Charles J. Missir, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 25th day of

April, 1922, granting defendants' motion under section 476 of the Civil Practice Act for judgment on the pleadings, consisting of an amended complaint, answers of the several defendants, and plaintiff's bill of particulars.

*Henry T. Hall*, for the appellant.

*Bertram L. Fletcher*, for the respondents.

YOUNG, J.:

This case was before this court on a former appeal from an order granting plaintiff's motion for judgment on the pleadings with leave to defendants to answer upon the usual terms. The decision affirming that order appears in 198 Appellate Division, 944. After that decision plaintiff served an amended complaint which, so far as the questions involved on this appeal are concerned, is substantially the same as the original complaint; defendants have served their answers and plaintiff has served a bill of particulars. The amended complaint alleges a contract by which certain shares of stock in American Oriental Ice Manufacturing Company and other stocks were assigned by plaintiff to the Banque D'Orient in full payment of plaintiff's existing indebtedness to the bank. This agreement contained numerous provisions of certain acts to be performed by the plaintiff, and then provided in substance that if he should commit any breach of any of the obligations imposed by the agreement the bank should be at liberty to treat and consider the arrangement as null and void, and claim from the said plaintiff payment of the whole amount of his debt as it then stood on the books of the bank.

The complaint further alleges that on June 17, 1914, the bank canceled the contract under the provisions above referred to, but that notwithstanding such cancellation it caused the shares of stock to be transferred to its own name on the books of the respective companies and refused to transfer the same back to plaintiff, although demanded; and it is alleged that the plaintiff offered to the bank the amount of his indebtedness which it refused, and that the bank has ever since refused to return the stock and is exercising control over the companies.

In response to defendants' demand, plaintiff served a bill of particulars which stated that the cancellation of the contract was in writing and annexed a copy, and that cancellation was directed to plaintiff and signed by the defendant Banque D'Orient. This writing is as follows:

" We confirm to you our letter of the 23/5 inst., which has remained without reply up to this day but we are informing you by the present writing that the non-execution on your part in the

time permitted of your engagements definitely and precisely stipulated in our contract of the 6 of May, 1914, has put into effect the penalties and other consequences foreseen by Article 11 of the contract referred to.

" Consequently please take notice that our bank reserves to itself the right already irrevocably acquired to exercise against you at any moment and without any other notification or formality whatever all the actions and remedies which the terms of its contract in question and the law accord to it without prejudice and with all rights reserved.

" We present to you our courteous salutations."

The question presented upon this appeal is whether or not the communication signed by the bank to plaintiff on June 17, 1914, constituted a cancellation of the contract. All other questions relating to the sufficiency of this· complaint have been resolved in plaintiff's favor upon former appeals.

In granting defendants' motion the justice at Special Term held that the letter did not in terms or by fair implication indicate an intention to cancel the contract, but seemed to have been rather to notify plaintiff that the right to cancel was reserved by the bank without prejudice by reason of the inaction of the bank at that time. With this construction I cannot agree.

In my opinion it was the intention of the bank definitely to cancel the contract by this letter. It reads, " that the non-execution on your [plaintiff's] part in the time permitted of your engagements definitely and precisely stipulated in our contract of the 6 of May, 1914, has put into effect the penalties and other consequences foreseen by Article 11 of the contract referred to." I do not see how language could be plainer. The contention that the subsequent language in the letter that the bank reserved to itself the right already irrevocably acquired to exercise against the plaintiff without notice or formality all actions and remedies accorded by the contract was a reservation of the right to cancel the contract, is in my opinion not warranted by the language used. Upon cancellation of the contract what remained and what was reserved was the right to enforce the indebtedness.

Furthermore, if the letter is not to be construed as an absolute cancellation, but as ambiguous, the plaintiff would plainly have the right to show the intention of the bank in writing it by proof of the surrounding circumstances. The statement in the bill of particulars that the letter constituted the cancellation would not prevent evidence of prior and subsequent actions of the parties if the writing itself should be considered insufficient to effect cancellation.

Even in this view of the case the plaintiff should not be put out of court upon a question of doubtful construction.

It follows that the order appealed from should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

BLACKMAR, P. J., RICH, KELLY and JAYCOX, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.