■ SOUNDVIEW WOODS, INC., Respondent, v. TOWN OF MAMARONECK et al., Respondents, and WESTCHESTER JOINT WATER WORKS No. 1, Appellant, et al., Defendants.— Action for a judgment declaring the rights and obligations of the parties under a certain agreement which granted an easement to Westchester Joint Water Works No. 1 for the purpose of installing a transmission line to carry water to the distribution system of the Town of Mamaroneck (1st cause of action), and for other relief. The appeal is from an order (described in the notice of appeal as a judgment) granting plaintiff-respondent's motion for summary judgment to the extent of striking out the answer of appellant as to the first cause of action, and directing the entry of judgment in accordance therewith. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Wenzel, Acting P. J., Beldock, Ughetta and Kleinfeld, JJ. Murphy, J., deceased. [14 Misc 2d 866.]

## (November 25, 1959)

■ MIKOLAJ LITWIN, Appellant, v. MICHAEL NOVAK, Individually and as President of HOUSE WRECKERS UNION, LOCAL 95, I. H. C. B. & C. L. U. of A., AFL-CIO, et al., Respondents.— In an action for a permanent injunction, the appeal is from an order denying appellant's motion for an injunction *pendente lite,* and dismissing the complaint on respondents' cross motion. Appellant seeks to restrain respondents from (1) setting aside his election as business representative, and (2) conducting a new election. Order reversed, with $10 costs and disbursements, motion for an injunction *pendente lite* granted, and cross motion to dismiss the complaint denied. The General Executive Board of the parent Union set aside appellant's election and ordered a new one because one Glenn, a rival candidate, had been disqualified. Glenn had not been employed at the calling of the Union during the year preceding his nomination. The constitution of the local Union expressly provides, without exception, that no member shall be eligible to hold office if he has not been so employed. The General Executive Board created an "exception" to the constitutional provision whereby it rendered eligible individuals unemployed due to illness and physical incapacity. Insofar as concerns this issue, the constitution is unambiguous. The General Executive Board had no power to amend it under the guise of interpretation. As no tangible internal remedy was afforded, the determination of the local Union to conduct a new election was based upon an unconstitutional determination. Appellant is therefore entitled to seek judicial aid (*Tesoriero* v. *Miller,* 274 App. Div. 670, 672; *Daley* v. *Stickel,* 2 A D 2d 287; *Sullivan* v. *McFetridge,* 268 App. Div. 962). Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ., concur. Murphy, J., deceased.