LAURA K. SWICK, Respondent, v. PATRICK M. HEANEY, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered February 16, 1973 in Schenectady County, which granted plaintiff's motion for summary judgment in an action for specific performance of a contract for the purchase and sale of real property. On July 26, 1970 the parties entered into a purchase and sale agreement for real property whereby plaintiff was to purchase and defendant was to sell a parcel of land located in Warren County for $8,000. By express terms of the contract defendant was to provide a warranty deed and abstract of title and the closing was to take place on or before September 10, 1970. From that point in time until March 22, 1971, the attorneys for the parties communicated by mail regarding the status of the title, and the defendant's attorney, during that time, complied wih the requests made by plaintiff's attorney. On March 22, 1971 defendant's attorney informed the plaintiff's attorney that the defendant was no longer interested in selling the property, a communication which quickly gave rise to the within action. The dispositive issue is whether or not a triable issue of fact exists. It is clear from the record that none does. Although handwritten, the contract contains the essentials of a normal purchase offer contract, and is not ambiguous. Both parties agreed to close on or before September 10, 1970, but it is apparent from the letters that went back and forth that marketable title had not been prepared until approximately March 8, 1971. At no time did defendant's attorney argue that plaintiff's attorney's requests were unreasonable and, furthermore, it is apparent that the delays in fact were caused by defendant's inability to convey marketable title. Defendant is therefore estopped from demanding compliance with the terms of the contract regarding a closing date. Where one party demands strict performance as to time by another party, he must perform on his part all the conditions which are requisite in order to enable the other party to perform his part, and a failure on the part of the party demanding performance operates as a waiver of the time provisions in the contract (*Walter Sign Corp. v. State of New York*, 31 A D 2d 729). Defendant's late refutation of her attorney's authority is not well taken. He, at very least, had apparent authority to extend the closing time which action bound his principal (*Wen Kroy Realty Co. v. Public Nat. Bank & Trust Co.*, 260 N. Y. 84). Order affirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.