Charles H. Cohen, J.
Plaintiff, as purchaser, and defendant, as seller, entered into a written contract dated March 8, 1973 for the purchase and sale of certain real property. Both were represented by experienced real estate attorneys. Pursuant to the terms of that contract, plaintiff, a building contractor and one who was familiar with real estate matters, paid over to defendant the sum of $3,000 as a down payment towards the purchase price of $50,500.
The contract, prepared by the attorneys for the seller, was on a printed form which, among other things, provided for the delivery of the deed at the office of defendant’s attorneys "or Lending Institution” on April 16, 1973. The contract included a rider which stated: " THE SELLERS grant the purchasers 14 days from date hereof to obtain a commitment for a conventional mortgage at their own cost and expense in the sum of $40,000.00 for 25 years at the prevailing rate of interest. Purchasers represent that they know now of no judgment outstanding against them and they know of no reason why a lending institution would deny their mortgage application. Purchasers shall exert their best efforts in order to obtain such mortgage and will execute such papers and documents as may be required by the lending institution in connection with the mortgage application. In the event purchasers are not able to obtain a firm commitment, upon advice *273 from purchasers’ attorney, the sellers are to return the down payment and the contract is null and void.”
Plaintiff did not obtain a mortgage commitment and did not proceed with the closing of title. Plaintiff in this action seeks to recover the $3,000 down payment. Defendant questions whether plaintiff made a good faith attempt to obtain a mortgage commitment, and further contends that plaintiff was required to notify defendant of his inability to obtain such a commitment within 14 days from the date of the contract in order to recover the down payment.
The main question presented concerns the time within which plaintiff was obligated to give defendant notice of his failure to obtain a mortgage commitment and the form in which such notice was to be given.
The paragraph relating to this mortgage commitment does not categorically state how or when any such notice is to be given. It grants "purchasers 14 days from the date hereof’ to obtain a commitment and then goes on to state that if "purchasers are not able to obtain a firm commitment, upon advice from purchaser’s attorney, the sellers are to return the down payment”.
It appears, then, that in order for defendant to become liable for the return of the down payment, it was necessary for plaintiff to give notice. Since no provision is made as to the form of the "advice”, no particular form was required. Moreover, the advice could have been given orally or in writing. Since the parties were represented by attorneys, this advice could have been given through these attorneys (Farr v Newman, 14 NY 2d 183, 187), particularly since the contract made specific reference to "advice from purchasers’ attorney.”
The attorney who represented plaintiff testified that one or two days prior to the expiration of the 14-day period he spoke with defendant’s attorney and advised him that plaintiff could not get a mortgage. Defendant’s attorney denied having this conversation. No writings passed betwen these attorneys or the parties except for a letter dated April 13, 1973 admittedly written by plaintiff’s attorney and received by defendant’s attorney. The body of that letter reads as follows: "Please be advised that to date our client, Vito LaRocca, the purchaser under the above contract, has been unable to procure a mortgage commitment for the mortgage required as set forth in the said contract. Unless you can afford us an extension of time to April 30, 1973, to procure said mortgage, you can *274 deem this notice of the purchaser’s inability to obtain said mortgage and a demand for the refund of the deposit under the contract.” Significantly, this letter states that unless defendant grants an extension to April 30, 1973 to procure the mortgage "you can deem this notice of the purchaser’s inability to obtain said mortgage.” Nothing is said of any prior demand or notice. Indeed, it seems reasonably clear that this was the first "advice” given to the effect that plaintiff could not obtain a mortgage, and the court so finds.
The contract does not set forth the time within which such advice is to be given. This time is not limited to the 14-day period set forth in the paragraph in question. Presumably, if it were to be so limited, it would have said so. (Cf. Wanderer v Allstate Ins. Co., 77 Misc 2d 775, 780.) Moreover, even if the language used is regarded as ambiguous, the meaning of any such language would be resolved against defendant, the party who prepared it. (Rentways, Inc. v O’Neill Milk & Cream Co., 308 NY 342; General Venture Corp. v Wilder Transp., 26 AD2d 173, 177.) Accordingly, no such time having been set forth in the contract, the "advice” was required to have been given within a reasonable time after the expiration of the 14-day period. (Cohen & Sons v Lurie Woolen Co., 232 NY 112, 114; Soundview Woods v Town of Mamaroneck, 14 Misc 2d 866, 873, affd 9 AD2d 789.)
Plaintiff had 14 days from March 8, 1973, or until March 22, 1973, to obtain the mortgage commitment. The court finds that the notice given by the letter dated April 13, 1973, 22 days after the expiration of the time within which plaintiff was given the opportunity to obtain a mortgage, was not given within a reasonable time. This is particularly so, where, as here, the closing date set forth in the contract was April 16, 1973, only three days after the date of the letter. Surely, a seller is entitled to know more than a few days prior to the title closing date set forth in the contract, that the purchaser is availing himself of the opportunity to recover his down payment and declare the contract null and void when the purchaser knew for 22 days that he was unable to get a mortgage commitment within the time specified in the contract. Indeed, there is no reason why the plaintiff should not have given the advice within a few days after March 22, 1973 so that the seller could then proceed to look for other purchasers.
Accordingly, plaintiff was obligated to proceed with the *275 purchase of the property, even assuming he attempted in good faith to obtain a mortgage commitment in accordance with the contract. Having wilfully failed to proceed with the purchase, plaintiff may not recover the down payment regardless of whether or not defendant incurred any actual damage. (Lawrence v Miller, 86 NY 131; Mistroff v Scar-White Homes, 281 App Div 844; Poggioli v Liebegott, 77 Misc 2d 449, 453.)
Judgment is directed in favor of defendant against plaintiff. The foregoing constitutes the decision of the court in accordance with CPLR 4213 (subd [b]).