### (May 5, 1980)

■ Prudencio Avendanio et al., Respondents, v Philip Marcantonio et al., Appellants.—In an action to rescind a contract for the sale of real property and for refund of the down payment, defendants appeal from a judgment of the Supreme Court, Orange County, dated May 8, 1979, in favor of the plaintiffs and against them, after a nonjury trial. Judgment affirmed, with costs. On September 8, 1976 plaintiffs entered into a contract with defendants Philip and Antoinette Marcantonio for the purchase and sale of certain real property improved with a vacation home. At or about the time the contract was signed, plaintiffs arranged for a title search and land survey, and forwarded their down payment to defendants Marcantonios' attorney, defendant Guidone, to hold in escrow. The contract contained, in addition to the usual clauses, including a prohibition against oral modification, a provision that if a survey, title search or other investigation were to reveal facts materially affecting marketability of title to the premises, plaintiffs would have a right to cancel the contract by sending notice by certified mail to defendant Guidone, at his office address, postmarked not later than September 30, 1976. As the cancellation date approached it became apparent that the survey would not be ready until some time in October. Plaintiffs' attorney notified defendant Guidone of this development, and Guidone orally authorized an extension of the cancellation period until after completion of the survey. The survey, when completed, revealed an encroachment by a State highway right of way which Trial Term reasonably concluded substantially impaired the marketability of the property. Plaintiffs' attorney wrote to defendant Guidone, informing him of the survey results and requesting a refund of plaintiffs' down payment. Mr. Guidone replied by setting a closing date and, when plaintiffs did not appear, considering them in default. The Marcantonios later sold the property to

other buyers. The discussion between plaintiffs' attorney and Mr. Guidone extending the time within which plaintiffs could cancel the contract was not an oral executory modification barred by section 15-301 of the General Obligations Law. The statute contemplates modification of an executory term of performance (see *Rose v Spa Realty Assoc.,* 42 NY2d 338); it is not concerned with an oral waiver of a condition subsequent, such as a contingency date in a contract for the sale of real property (see *Loper v O'Rourke,* 86 Misc 2d 441). Defendants Marcantonios contend that, under section 5-1111 of the General Obligations Law, they are not bound by the extension of the cancellation date granted plaintiffs by defendant Guidone as their attorney, since there was no written evidence of his authority to act as their agent. This contention is without merit. Since the original cancellation clause in the contract authorized plaintiffs to exercise their right of cancellation by sending notice thereof to Mr. Guidone, defendants Marcantonios thereby provided written authority for him to act as their agent. Damiani, J. P., Titone, Mangano and Gulotta, JJ., concur.