■ BERNARD SAFIER, Doing Business as B.J.'s COUNTRY REALTY, Respondent, v JEANNE KASSLER, Appellant.—Mikoll, J.

This litigation was commenced by plaintiff, a licensed real estate broker, to recover a brokerage commission allegedly due him for work done concerning real property offered for sale by defendant. Defendant had telephoned plaintiff's office about November 8, 1984 and listed her property for sale at a price of $59,000. She indicated that no seller financing would be available and was advised by plaintiff that he charged a brokerage commission of 10% of the sale price upon producing a purchaser ready, willing and able to purchase the property.

In April 1985, two prospective purchasers made an offer of $50,000 conditioned upon the plumbing, heating and electrical systems being in good working order. A binder reflecting this offer was signed April 14, 1985 by the prospective purchasers. Eventually, defendant agreed to sell for $53,500 and authorized plaintiff to receive a deposit on her behalf. The prior binder was amended to reflect this price and a condition that the purchasers receive 80% financing. The parties agreed that defendant would net $48,150 after paying plaintiff's commission. Defendant unequivocally accepted the offer. The second binder, which was unsigned, was turned over by plaintiff to defendant's attorney. A copy of a $100 deposit check tendered by the prospective purchasers was sent to defendant by plaintiff. The binder stated that a "Contract will be drawn, executed and acknowledged by said parties on April 25, 1985" and that a list of personalty would be attached to it. Thereafter, the purchasers' attorney sent defendant's attorney a letter indicating that the prospective purchasers were going to apply for a 30-year mortgage and suggested that they have 60 days to obtain the financing commitment.

On April 30, 1985, defendant's attorney advised plaintiff that defendant had received a higher offer and would not complete the deal. Plaintiff subsequently commenced the instant action by service of a summons and complaint. Defendant interposed an answer asserting numerous affirmative defenses. After plaintiff responded to defendant's interrogatories, defendant moved for, *inter alia,* summary judgment. Defendant supported her motion by her attorney's affidavit and relied upon plaintiff's answers to her interrogatories, affidavits and documentary evidence submitted on the motion. Special Term, in denying defendant's motion for summary judgment, stated that defendant had not submitted an affidavit by a person having knowledge of the facts as required by CPLR 3212 and found that the remaining papers offered in support of her motion did not raise the proof to the level and quality required by the aforesaid rule. This appeal by defendant followed.

The affidavit of defendant's attorney was used here simply as the vehicle to submit documentation in support of the motion for summary judgment. The basis of defendant's motion for summary judgment rests on defendant's contention that plaintiff failed to state a claim and not on the absence of disputed facts. Although plaintiff did not move to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), she did preserve the issue by including it as a defense in her answer. As defendant moved for dismissal after issue was joined, her motion for summary judgment under CPLR 3212 was proper *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:20, p 439; *see also, Brown v Village of Albion,* 128 Misc 2d 586, 592).

Defendant urges that plaintiff's evidence demonstrates on its face that he is not entitled to recover a brokerage commission because essential terms of the proposed sale remained unresolved since there was no agreement on the type of deed to be conveyed, the closing date and the mortgage to be obtained by the purchasers. Where there is no dispute over the kind of deed to be furnished, the law implies a deed conveying all of the title the grantor has *(see, Tymon v Linoki,* 16 NY2d 293, 300-302). Since defendant conceded plaintiff's evidence for purposes of this motion, the type of deed is implied by law, and the absence of negotiations regarding the type of deed is not fatal.

Defendant's assertion that the lack of agreement on the closing date forecloses a finding of a meeting of the minds is not persuasive. The date of closing of a real estate transaction

is not generally considered an essential element to establish an enforceable contract. The law presumes it will take place within a reasonable time (N.E.D. Holding Co. v McKinley, 246 NY 40, 45; Tobias v Lynch, 192 App Div 54, affd 233 NY 515). When time is not of the essence, the closing date is considered flexible (see, Ballen v Potter, 251 NY 224; Swick v Heaney, 43 AD2d 645).

There is also no merit to defendant's claim that uncertainties in financing prohibit a finding that there was a meeting of the minds. Plaintiff has provided sufficient evidence which could support a finding that the alleged uncertainties regarding financing are no more than insignificant uncertainties. Plaintiff's allegations are not insufficient to sustain a finding of the essential elements necessary to support a claim for a brokerage commission: identification of the parties involved, the property subject to the transaction, price and terms of payment (see, Mattikow v United Jersey Mtge. Co., 104 AD2d 973).

Plaintiff's allegations and the evidence demonstrate that a material issue of fact must be determined in this action by a trier of fact, i.e., whether the parties' minds had met on the terms of sale. Summary judgment is therefore inappropriate (see, Rieker-Madden, Inc. v Horowitz, 78 AD2d 959; Mulvihill v Di Prima, 47 AD2d 560). Plaintiff has properly alleged the purchasers' financial ability to complete the transaction and is entitled to the opportunity to establish this ability more accurately and completely at trial.

We have considered defendant's other allegations of error and find them without merit.

Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.