■ Zvi M. Kramer et al., Respondents, v Georgeanne Brown et al., Appellants.—In an action, inter alia, for specific performance of a contract to sell real property, the defendants appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County

(Golden, J.), dated September 25, 1985, as, upon granting their motion for reargument, adhered to its prior determination granting the plaintiffs' motion for summary judgment compelling specific performance of the contract and directed specific performance of the contract.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The parties entered into a contract for the sale of the subject premises on January 10, 1983. The contract provided that it was expressly conditioned upon the purchasers obtaining a conventional 25-year mortgage in the sum of $42,500, and it further provided as follows: "In the event the purchaser is unable to obtain a firm written bank commitment within sixty days from date hereof [i.e., on or before March 11, 1983], either party thereafter shall have the option of cancelling this contract by serving written notice upon the other, either registered or certified mail, return receipt requested and the contract shall be deemed null and void upon the refund of contract deposit".

By letter dated March 4, 1983, seven days prior to the expiration of the 60-day period, the purchasers' attorney advised the seller's attorney that the purchasers had obtained a commitment, and that the contract was now "firm". However, the sellers were not immediately provided with a copy of a written commitment. In fact, it appears that the commitment obtained by the purchasers was, at that point, oral, and the lender did not issue a written commitment until March 21, 1983. A copy of that written commitment was received by the sellers' attorney on March 24, 1983, 13 days after the expiration of the 60-day period. However, the sellers took no action for more than five weeks. Then, by letters dated May 3, 1983, the sellers' attorney formally notified the purchasers and their counsel that the sellers were canceling the contract because of the purchasers' failure to have obtained a firm written bank commitment within 60 days, as required by the contract. Shortly thereafter, the purchasers commenced this action against the sellers for specific performance of the contract and for damages.

We conclude that, upon the foregoing facts, summary judgment was properly granted in favor of the purchasers. Although the mortgage contingency clause of the contract gave either party the right to cancel the contract if the purchasers could not secure a written mortgage commitment by March 11, 1983, that clause was not self-executing. In order for a

party to exercise its option to terminate the agreement it was required to do so in writing, served upon the other party by registered or certified mail, return receipt requested. However, the sellers did not attempt to exercise their option to cancel the contract until on or about May 3, 1983, almost two months after the expiration of the 60-day period in which the purchasers were required to obtain a written commitment, and more than five weeks after the commitment had actually been obtained and transmitted to the sellers. Because the commitment was secured and furnished prior to the purported exercise of the option to cancel, the cancellation was untimely and ineffective *(cf., Castaldo v Dalmazio,* 129 AD2d 548). Thus, the purchasers demonstrated that the contract remained in effect, and that they were ready, willing and able to perform their obligations thereunder, thereby establishing their entitlement to summary judgment and specific performance of the contract *(see, Huntington Min. Holdings v Cottontail Plaza,* 96 AD2d 526, *affd* 60 NY2d 997; *Kypreos v Spiridellis,* 124 AD2d 786; *Mazzaferro v Kings Park Butcher Shop,* 121 AD2d 434). Bracken, J. P., Weinstein, Spatt and Harwood, JJ., concur.