JOEL S. KAREN et al., as Trustees of a Trust Known as ECLIPSE ASSOCIATES MONEY PURCHASE PLAN, Respondents, v ALLAN V. ROSE, Appellant, et al., Defendant

The plaintiffs and the appellant Allan V. Rose entered into a written agreement on November 29, 1984, pursuant to which the appellant agreed to transfer certain property to the plaintiffs upon stated conditions. One condition precedent to the obligation to perform the plaintiffs' part of the bargain is found in paragraph 66 of the contract, which provision required the appellant to obtain the consent of the holder of the first mortgage on the subject property by December 14, 1984. In the event that this condition was not met, the contract provided for the return of the plaintiffs' $200,000 down payment, and further provided that "neither party [would] have any liability to the other growing out of this Contract". As was found by the court, the evidence submitted in connection with the plaintiffs' motion and the appellant's cross motion establishes conclusively that the appellant failed to meet the condition stated in paragraph 66 of the contract.

The major argument advanced on this appeal by the appellant is that the plaintiffs may not properly avoid their obligations under the contract by claiming a failure to satisfy the condition set forth in paragraph 66. The appellant argues that the plaintiffs may not exploit his failure to comply with that condition, since they did not treat the contract as terminated as soon as the failure to comply with the condition occurred. According to the appellant "unless a party promptly treats a contract as terminated he will not be permitted to invoke a condition which has not been timely met".

In support of this argument, the appellant points principally to the fact that, prior to December 14, 1984, a representative of the plaintiffs agreed to adjourn the closing which had been scheduled for December 31, 1984, to February 28, 1985. It also appears that on December 13, 1984, the appellant unilaterally extended his time to comply with paragraph 66 until January 31, 1985. There is no evidence that the plaintiffs consented to this modification of the contract.

The appellant also points to the fact that it was not until January 23, 1985, that the plaintiffs elected to terminate the contract. The plaintiffs had continued in the interim to offer to the public shares in a limited partnership which it was planned would ultimately invest in the subject property.

These circumstances do not indicate that the plaintiffs waived compliance with the condition contained in paragraph 66 of the agreement. In none of the appellate cases relied upon by the appellant on this issue (see, e.g., Poteralski v Colombe, 84 AD2d 887; Avendanio v Marcantonio, 75 AD2d 796; Swick v Heaney, 43 AD2d 645) did it appear that the contract in question expressly provided that upon the failure to satisfy a given condition, either side could terminate the contract. For this reason alone, the cases relied upon by the appellant are distinguishable.

The court in the Poteralski case held only that one party to a contract may not take advantage of the failure to satisfy a condition which was included in the contract for the sole benefit of the adverse party. The condition set forth in paragraph 66 was obviously for the benefit of the plaintiffs as well as the appellant. In the Avendanio case, the court merely held that a seller could orally extend a prospective buyer's time to exercise an option to cancel. There is no proof that the appellant's time to comply with paragraph 66 was extended in this case, orally or otherwise. In the Swick case, the court simply applied the rule that a party could not exploit the

nonoccurrence of a condition, where that same party made fulfillment of the condition impossible. In the present case, the evidence in the record indicates that the plaintiffs or their agents promptly supplied whatever information was requested of them, and there is no possible inference that they rendered performance of this condition impossible.

The case of *Loper v O'Rourke* (86 Misc 2d 441), which is relied on by the appellant, is also distinguishable. In that case the prospective seller had waived the buyer's compliance with a requirement that an "F. H. A." mortgage commitment be obtained by a certain time, and indicated the waiver by agreeing to a closing date, knowing that a mortgage commitment had been obtained 25 days past the deadline *(Loper v O'Rourke, supra,* at 442-444). In the present case, the closing was adjourned *before,* not after, the appellant failed to comply with paragraph 66, as reflected in a letter issued by Rose's attorneys dated December 13, 1984. Thus, the plaintiffs cannot possibly be deemed to have waived that condition on this basis. Also, it should be noted that the plaintiffs exercised their option to cancel the contract before they had any notice that the consent of the first mortgagor had been obtained *(cf., Kramer v Brown,* 131 AD2d 816, 818).

There is, in short, no evidence in the present record which would allow an inference that the plaintiffs waived compliance with the condition stated in paragraph 66 of the contract. Also, there is no evidence which would warrant the imposition of an equitable estoppel against the plaintiffs. The remaining arguments advanced by the appellant have been examined and are without merit. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.