■ YACOV TENDLER et al., Respondents, v HAROLD LAZAR et

al., Appellants.—In an action for the return of a down payment in connection with a contract to convey real property, the defendants appeal from so much of a judgment of the Supreme Court, Rockland County (Nelson, J.), dated September 21, 1987, as upon the granting of the plaintiffs' motion for summary judgment, is in favor of the plaintiffs and against them in the principal sum of $27,500.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On March 25, 1987, the defendants, Harold and Clara Lazar, entered into a contract to sell certain real estate located in Monsey, New York, to the plaintiffs, Yacov and Yael Tendler. The plaintiff purchasers agreed to pay a sum total of $275,000 for the property. Of that amount, $27,500 was placed in escrow as a down payment at the time that the contract was signed, and $247,500 was made due at the time of closing. In the contract, the parties set a closing date of on or about August 1, 1987.

The contract also contained a mortgage contingency clause. This clause provided that the obligations of the plaintiff purchasers would be subject to their obtaining a first mortgage in the sum of $160,000. It was expressly agreed that if no such mortgage was obtained by May 31, 1987, the contract would be "deemed null and void at the option of either party" and the plaintiff purchasers' down payment would be returned.

The parties subsequently agreed to advance the date of closing from August 1, 1987, to June 29, 1987. The plaintiff purchasers concede that they were unable to close on that date, since no mortgage commitment had been obtained. In a letter dated July 2, 1987, the attorneys for the defendant sellers then demanded that a closing take place on July 16, 1987, and stated that time was of the essence. The attorneys for the plaintiff purchasers responded in a letter dated July 6, 1987, by exercising the plaintiff purchasers' option to cancel the contract due to their failure to obtain a mortgage commitment and by requesting a return of the down payment.

Following the defendant sellers' refusal to return the down payment, the plaintiff purchasers brought this action against them seeking a judgment in the principal sum of $27,500. A lis pendens was filed in the office of the County Clerk. By order to show cause dated August 3, 1987, the defendants made a motion to cancel the lis pendens. The plaintiffs made a cross motion for summary judgment in their favor. The court

granted both motions and the defendants now appeal from so much of the judgment as has been entered in favor of the plaintiffs. We affirm.

The assertions made by plaintiff Yacov Tendler in his affidavit in support of the plaintiffs' motion, that "my wife and I have done everything possible to obtain a mortgage" and that "we diligently applied to [a proposed mortgagee] for a mortgage loan on or about April 7, 1987" are uncontradicted. The plaintiffs in fact paid a " 'lock in' fee" in the sum of $1,600 to this proposed mortgagee on or about May 13, 1987. It is also uncontradicted that it was at the request of the defendant sellers that the closing date was, by consent, subsequently advanced to June 29, 1987. Despite telephone calls to the proposed mortgagee "almost on a daily basis" throughout the month of June, it was not until June 28, 1987 that the plaintiffs were informed that a commitment had not yet been issued.

The defendants seek to avoid summary judgment by arguing that there exists an issue of fact as to whether the plaintiffs "waived" their right to cancel the contract in the event that no commitment was obtained by May 31, 1987. Since the record is completely devoid of any evidence from which it could be inferred that the plaintiffs intentionally relinquished their contractual right to cancel the contract pursuant to the mortgage contingency clause, it is more accurate to couch this argument in terms of forfeiture rather than waiver. It is argued that a trier of fact could infer such a forfeiture from proof that the plaintiffs failed to exercise their option to cancel the contract until after the aborted closing on June 29, 1987, and from proof that, after May 31, 1987 (by which time the commitment was supposed to have been obtained) the plaintiffs took various steps toward closing on the contract, such as having the premises inspected by an engineer. We do not agree that summary judgment may be avoided on this basis.

There is no evidence that the plaintiffs were not diligent in attempting to obtain a mortgage commitment. Pursuant to the contract, they had the absolute right, at their option, to a return of their down payment as of May 31, 1987, since no mortgage commitment had yet been obtained. We agree with the Supreme Court that proof that the plaintiffs did not exercise that right as soon as possible and that, after May 31, 1987, they continued to seek a mortgage commitment and to take certain other steps with a view toward ultimately performing the contract, is, by itself, insufficient to establish that

they forfeited their right to cancel the contract pursuant to the mortgage contingency clause *(see, Karen v Rose,* 140 AD2d 309). The contract itself contained no requirement that the plaintiffs' option to cancel pursuant to the mortgage contingency clause be exercised by any particular time *(cf., Maxton Bldrs. v Lo Galbo,* 68 NY2d 373; *Avendanio v Marcantonio,* 75 AD2d 796; *Arroyo v Patayne Estates,* 25 AD2d 424).

The defendants argue, however, that the plaintiffs were nevertheless required to exercise their option to cancel within a "reasonable time" after May 31, 1987, and that a question of fact exists as to whether the plaintiffs did so *(cf., LaRocca v Campisi,* 82 Misc 2d 271). Assuming, without deciding, that there was an implied-in-law duty on the part of the plaintiffs to exercise their option to cancel the contract within a reasonable time after May 31, 1987 *(cf., LaRocca v Campisi, supra),* we conclude that, since the contract did not specify that time was of the essence, the plaintiffs' exercise of their option on July 6, 1987, more than three weeks before the closing date originally agreed to, must be considered reasonable as a matter of law. The plaintiffs did not immediately exercise their option to cancel the contract since, as their uncontradicted assertions establish, their mortgage application remained pending through the month of June and they reasonably expected a commitment to issue prior to the accelerated date for closing, June 29, 1987. They exercised their right to cancel the contract immediately after the defendants' attorney, for the first time, notified them that time would be of the essence with respect to the adjourned closing date of July 16, 1987. Also, we note that although it is conceded that the defendants' attorney knew, as early as June 28, 1987, that no final mortgage commitment had been obtained, he chose to reschedule the closing rather than to exercise the defendants' own option to cancel the contract.

Under these circumstances, there is no triable issue of fact as to whether the plaintiffs forfeited or waived their right to exercise their option to cancel the contract pursuant to the mortgage contingency clause. There being no other issue of fact precluding summary judgment, the judgment should be affirmed. Bracken, J. P., Brown, Lawrence and Spatt, JJ., concur.