(September 19, 1988)

■ GARY I. BLUMBERG et al., Respondents, v CLARICE FLOR-
ENCE, Appellant.—In an action for specific performance of a
contract for the sale of real property, the defendant appeals
from a judgment of the Supreme Court, Suffolk County (Luci-
ano, J.), entered July 1, 1987, which, after a nonjury trial,
directed her to convey the property to the plaintiffs.

Ordered that the judgment is affirmed, with costs.

On February 4, 1985, the plaintiff purchasers and the
defendant seller entered into a contract to purchase residen-
tial real property located at 9 Sturbridge Lane in Dix Hills,
New York, for a total purchase price of $341,000. Paragraph
H of the rider to the contract provided that the contract was
conditioned upon the purchasers obtaining a written commit-
ment for a mortgage loan in an amount of not more than
$100,000 by March 15, 1985. The paragraph further provided
that the seller could cancel the contract by returning the
purchasers' deposit in the event the purchasers were unable
to procure the loan within the time specified. At the end of
the paragraph, the parties inserted a handwritten sentence
which stated that the "Purchaser may waive this provision".

At the trial, the attorney for the seller denied receiving a
letter dated March 15, 1985, mailed by the attorney for the
purchasers, in which the purchasers indicated their election to
waive the requirement to secure a mortgage commitment.
However, the attorney for the seller admitted that he received
a copy of the same waiver letter by hand on March 18, 1985.
The evidence further established that on March 17, 1985, the
seller sent a mailgram notifying the purchasers that she
canceled the contract. However, she did not return the deposit
made by the plaintiffs with her letter of cancellation. The
seller returned the purchasers' deposit in a separate letter
which the purchasers' attorney did not receive until March
19, 1985. Thereafter, the purchasers instituted the instant
action for specific performance which the seller defended on
the ground that she properly canceled the contract.

While it is not clear whether the purchasers exercised their
right to waive the mortgage requirement on March 15, 1985,
they definitely communicated their election to waive on
March 18, 1985.

The seller's attempt to cancel the contract by sending a
mailgram on March 17, 1985 was ineffective. The contract
provided that the seller had the right to cancel under the
following circumstances: "In the event that purchaser is un-

able to procure such loan within the time specified or extensions thereof, then the seller may cancel this contract by *returning the deposit paid hereunder,* and this contract shall be deemed null and void and all parties shall be released of any further liabilities" (emphasis supplied).

Where the procedures for cancellation provided for by the contract specify conditions precedent to the right of termination, those procedures must be followed *(see generally, General Supply & Constr. Co. v Goelet,* 241 NY 28, *mot to amend remittitur granted* 241 NY 507; *Missir v American Oriental Ice Mfg. Co.,* 201 App Div 756; 22 NY Jur 2d, Contracts, § 431). The contract expressly provided that the cancellation was to be effectuated by the return of the deposit. Having failed to include the deposit, the March 17, 1985 attempt to cancel was ineffective. Therefore, the plaintiff purchasers validly waived the requirement to secure a mortgage commitment when the seller received the waiver letter on March 18, 1985.

Given the absence in the contract of a time limitation for exercising the right to waive, the purchasers communicated their decision within a reasonable time *(see, e.g, Tendler v Lazar,* 141 AD2d 717). Therefore, the court properly granted specific performance to the plaintiff purchasers. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.