In the Matter of TOWN OF AUGUSTA et al., Petitioners, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, Respondent.—

The regulations of the Department of Environmental Conservation governing landfills provide that "[t]he owner or operator of any active or inactive facility, either with or without a permit under this Part, shall, upon permanent termination of use, properly close and maintain such facility" (6 NYCRR former 360.8 [a] [21]). Petitioners are the owners of the facility (McKinney's Uncons Laws of NY § 5933; L 1934, ch 787, § 12), and they are also the operators because the landfill was operated by SWOCO as the agent of the towns (McKinney's Uncons Laws of NY § 5939; L 1934, ch 787, § 18).

*Soundview Woods v Town of Mamaroneck* (14 Misc 2d 866, *affd* 9 AD2d 789), cited by petitioners, is not authority for the proposition that the trustees of a joint garbage disposal system are not the agents of the municipalities forming the system. There is a distinction between a joint garbage system and the joint water works system in *Soundview.* The property of the joint water works system, unlike the property of a joint garbage disposal system, is the property of the system (McKinney's Uncons Laws of NY § 6128; L 1927, ch 654, § 8, as amended). Moreover, *Soundview* involved a covenant in a contract entered into between the water works system and the conveyors of an easement. The court held that the towns had not complied with the legislative requirements for the execution of a contract and thus were not bound by the covenant agreed to by the system. The court stated that the agency conferred upon the trustees of the system "is not * * * to be held to be a general one giving the Water Works and its trustees unlimited authority to directly bind member municipalities to any and all contracts incidental to the functions of the Water Works" *(Soundview Woods v Town of Mamaroneck, supra,* at 871). Even if it could be said that the agency conferred upon the trustees of SWOCO does not give SWOCO authority to directly bind the towns to any and all contracts, it nevertheless conferred upon the trustees the authority to

operate the landfill on behalf of the towns. Thus, the towns can be deemed to be the operators of the landfill through their agent and are responsible for its closure. (Article 78 proceeding transferred by order of Supreme Court, Oneida County, Grow, J.) Present—Dillon, P. J., Callahan, Boomer, Pine and Balio, JJ.