■ J. Gerald Combs et al., Respondents, v Marc Lewis et al., Appellants. [767 NYS2d 425]—

Judgment, Supreme Court, New York County (Louise Gruner Gans, J.), entered August 12, 2002, which, after a nonjury trial, awarded plaintiff purchasers the return of their down payment in the sum of $67,500, together with interest at the statutory rate from January 28, 1986, unanimously affirmed, with costs.

The mortgage contingency clause provided that plaintiffs could cancel within five days if a commitment was not obtained by the date specified therein or "on Notice to Seller" if the other stated conditions respecting the mortgage to be obtained by the buyers were not met. By its plain language, the latter portion of the contingency clause did not contain a specific deadline for notice. Where no specific deadline is provided in a mortgage contingency clause, a reasonable time for cancellation thereunder is implied (see Tendler v Lazar, 141 AD2d 717 [1988]). Plaintiffs' notice of termination, based on the admittedly nonconforming mortgage commitment obtained, served before any closing was set, was reasonable.

Defendants' argument that plaintiffs could not rely upon the mortgage contingency clause because they did not apply for their mortgage in writing, but did so orally, is without merit. The contract of sale did not require a written mortgage application.

In view of defendants' breach in failing to return the down payment, which was released by defendants' attorney to them,

imposition of interest at the statutory rate was proper under CPLR 5001 (a).

We have considered defendants' other arguments and find them unavailing. Concur—Buckley, P.J., Rosenberger, Ellerin, Williams and Gonzalez, JJ.