*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 18, 2016                    521036
_____

WILLIAM A. EICHENGRUN,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

JOHN A. MATARAZZO,
                    Respondent.
_____

Calendar Date:   January 6, 2016

Before:   McCarthy, J.P., Garry, Rose and Devine, JJ.

_____

        Young Sommer, LLC, Albany (Robert A. Panasci of counsel),
for appellant.

        Ianniello Anderson, PC, Clifton Park (Matthew I. Mazur of
counsel), for respondent.

_____

McCarthy, J.P.

        Appeal from an order of the Supreme Court (Reilly Jr., J.),
entered January 26, 2015 in Schenectady County, which, among
other things, granted defendant's motion for summary judgment
dismissing the complaint.

        In November 2013, plaintiff, the purchaser, and defendant,
the seller, entered into a contract for the sale of real
property.  In March 2014, plaintiff commenced this action against
defendant seeking, among other things, specific performance of
the contract.  Defendant answered and made certain counterclaims.
Defendant thereafter moved for summary judgment dismissing
plaintiff's complaint and for a default judgment against
plaintiff on his counterclaims.  Supreme Court granted
defendant's motion for summary judgment dismissing the complaint,

concluding that plaintiff was in default under the contract, but implicitly denied defendant's motion for a default judgment against plaintiff on the counterclaims.  Plaintiff now appeals.

In order to establish his entitlement to judgment as a matter of law, defendant was required to establish that the contract was properly terminated and is therefore unenforceable or that, even if it was not, plaintiff had not been ready, willing and able to perform on a properly set "time is of the essence" closing date (see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 490 [2006]; see generally Allegro v Youells, 67 AD3d 1081, 1082 [2009]).  A party may convert a non-time is of the essence contract into one where time is of the essence, but that party must, among other things, give the other party proper notice (see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d at 490; Mercer v Phillips, 252 AD2d 900, 901 [1998]).

Defendant failed to establish that he properly terminated the contract pursuant to the agreement's mortgage contingency clause.  That clause established certain rights that the parties maintained in the event that plaintiff was unable to obtain a specified mortgage commitment by a specified date.  While the contract unambiguously provided for certain rights to the parties in the event that plaintiff failed to secure the mortgage commitment — including the right for either party to terminate the contract — all such rights were contingent, according to the plain language of the contract, upon providing written notice "within five business days."  Although it is uncontested that plaintiff failed to secure the mortgage commitment by the specified date, defendant submitted no proof that either party exercised any of the rights that were triggered by that failure or provided written notice of an intent to do so within five business days.  Accordingly, defendant failed to establish that the contract was unenforceable due to its termination or that the mortgage contingency clause has any effect on the contract given that neither party exercised any rights pursuant to that clause (see Kramer v Brown, 131 AD2d 816, 817-818 [1987]).

Defendant's proof also failed to establish that he properly set a time is of the essence closing date.  In his answer, defendant conceded that he only sent notice of a time is of the

essence closing date to plaintiff's attorney.  However, the contract provided the terms by which notice was to be provided to the parties.  That agreement unambiguously specifies that "[a]ll notices" from defendant were to be provided directly to, among others, plaintiff.  Given this admitted failure to comply with the terms of the agreement regarding proper notice, defendant failed to properly establish a time is of the essence closing date (see Nehmadi v Davis, 63 AD3d 1125, 1127 [2009]).[1] Accordingly, defendant failed to establish as a matter of law that the contract had been terminated or that plaintiff was not ready to perform on a properly set time is of the essence closing date, and, therefore, defendant's motion for summary judgment dismissing the complaint must be denied.  Plaintiff's remaining contentions are rendered academic by these determinations.  The remaining contentions have been considered and are without merit.

    Garry, Rose and Devine, JJ., concur.


    ORDERED that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant's motion for summary judgment dismissing the complaint; said motion denied; and, as so modified, affirmed.


                    ENTER:


                    Robert D. Mayberger
                    Clerk of the Court

---

[1]  Contrary to defendant's argument that plaintiff waived his rights to notice pursuant to the contract, plaintiff's submissions establish that he informed defendant by letter — prior to the time is of the essence closing date that defendant had attempted to set — that defendant's notice was ineffective (see Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968 [1988]).