11-01 36 Avenue LLC

against
Shehzad Quamar a/k/a Quamar Shehzad, Roma Shukla a/k/a/ Shukla Roma, and Paul Stamatelatos, as Escrow Agent


704864/2016

For Plaintiff: Michael P. Berkley, P.C., by Michael P. Berkley & Sherry H. Lin, Esqs., 585 Stewart Avenue, suite 306, Garden City, NY 11530
For Defendant: Rosenberg Fortuna & Laitman, LLP, by John Anthony Fortuna & Joseph P. Sacco, Esqs., 666 Old Country Road, suite 810, Garden City, NY 11530


Martin E. Ritholtz, J.

As all lawyers specializing in real estate know, a "time-is-of-the-essence clause" is a contractual provision making timely performance a condition. In the case at bar, such a clause was not expressly included in the contract, but asserted in a letter. The current motion raises the interesting issues where such a clause may be asserted in a letter and whether such a letter was received and gave timely notice.
[*2]I. The Plaintiff's Allegations
The plaintiff alleges that, on or about October 15, 2015, Michael Benz, the managing member of plaintiff 11-01 36 Avenue, LLC, retained Jay Lau, Esq., to represent his company in the purchase of commercial property known as 11-01 36 Avenue, Long Island City, in Queens County, New York.
On or about December 17, 2015, the plaintiff and the sellers, defendant Shehzad Quamar and defendant Roma Shukla, entered into a contract for the sale of the property at a price of $1,000,000. The plaintiff made a down payment of $100,000. The contract set a closing date for on or about January 29, 2016.
A title report showed that there were judgments and violations against the property. Lau informed Benz that the defendant sellers had refused to pay off the judgments and the liens.
On or about March 26, 2016, the sellers' attorney, Paul Stamatelatos, Esq., "intimated" to Lau that his clients wanted to renegotiate a higher price for the purchase of the property by requiring the plaintiff purchaser to pay off the judgments and the liens which totaled $36,893.The defendant sellers claimed that the judgments and liens amounted to title defects, for which they had only limited responsibility, while the plaintiff purchaser claimed that the judgments and liens were encumbrances for which the contract made the sellers responsible.
On or about March 11, 2016, Lau sent to Stamatelatos a "time is of the essence" letter that Stamatelatos rejected. On or about March 30, 2016, Lau sent another "time is of the essence" notice to Stamatelatos, both by e-mail and Federal Express letter, setting a closing date of April 6, 2016 to take place at the plaintiff's attorney's office. The letter further read: "Failure to close on this date shall deem Seller in default and breach of contract and Buyer shall have all remedies at law and in equity including but not limited to liquidated damages."
Stamatelatos quickly responded: "Your letter dated March 30, 2016, received via email on March 30, 2016 is hereby rejected as untimely, improper and not in accordance with the contract of sale herein." This action for breach of contract and specific performance ensued.
II. Discussion
A. The Relevant Issues
The defendants have moved for summary judgment only on the ground that the "time of the essence" letter dated March 30, 2016 is defective. The issue of whether the contract requires the plaintiff buyer or the defendant sellers to pay off the judgments and the liens is not before the Court.
The defendants assert that:
(1) the letter was not served in a manner specified by the contract,
(2) the letter failed to place the venue for the closing at a location permitted by the contract, and
(3) the letter failed to give the defendant sellers a reasonable amount of time to perform their obligations under the contract.
B. Legal Background

Where the original contract of sale for real property does not make time of the essence, a party may subsequently give notice making time of the essence. (See, Zullo v. Varley, 57 AD3d 536 Guippone v. Gaias, 13 AD3d 339; Mohen v. Mooney, 162 AD2d 664.) The notice making time of the essence must (1) provide clear, distinct, and unequivocal notice to that effect, (2) allow the other party a reasonable time in which to perform his obligations, and (3) tell the other party that a failure to perform by the designated date will be considered a default under the terms of the contract. (See, Point Holding, LLC v. Crittenden, 119 AD3d 918, 919).
"Where time is of the essence, performance on the specific date is a material element of the contract, and failure to perform on that date constitutes a material breach of the contract ***." (184 Joralemon, LLC v. Brklyn Hts Condos, LLC, 117 AD3d 699, 702.). But where a party fails to adequately make time of the essence, the other party cannot be held in default of the contract on the ground that he did not perform his obligations by the set time. (See, Latora v. Ferreira, 102 AD3d 838.) The plaintiff must make a demand for performance sufficient to cause the defendant to be in default. (See, Pekich v. Lawrence, 38 AD3d 632.)
C. Manner of Service
The parties disagree on whether the contractual provision specifying the manner of service for notices had to be strictly complied with.
In the case at bar, section 15 of the contract, captioned "Notices," provides in relevant part: "All notices under this contract shall be in writing and shall be delivered personally or shall be sent by prepaid registered or certified mail, addressed as set forth in schedule D ***." Paragraph 17 of the schedule in relevant part required notice to the seller's attorney, Stamatelatos, and to each seller.
The defendant sellers assert that the plaintiff buyer failed to comply with section15 of the contract because Lau sent the time of the essence letter only to Stamatelatos and not to them also. Relying on Nehmadi v. Davis (63 AD3d 1125 [2nd Dept. 2009]) and Eichengrun v. Matarazzo (136 AD3d 1184 [3rd Dept. 2016]), the defendant sellers argue that the time of the essence letter was ineffective and cannot be used to place them in default.
In Nehmadi v. Davis (63 AD3d 1125, supra ), the seller's attorney sent a letter dated [*3]November 8, 2007 to the buyer scheduling a closing and making time of the essence. On the same date, the seller's attorney sent a second letter to the buyer's attorney by regular mail, which advised, inter alia, that "[the buyer] will lose his down payment if he fails to close on the newly set closing date of December 13, 2007, time being of the essence." The buyer argued that the seller had not effectively made time of the essence. The Appellate Division, Second Department, held that the time of the essence letter sent to the buyer himself was defective because it did not inform him that he would be held in default if he did not close on the specified date. Pertinent to the facts of the present action, the Second Department also held: "Furthermore, contrary to the seller's contention, in light of the terms of the parties' contract, which required notice directly to the buyer, the letter which was sent to the buyer's attorney cannot be utilized to cure the deficiency in the time of essence letter sent to the buyer ***." ( Nehmadi v. Davis, supra, 1127.)
In Eichengrun v. Matarazzo (136 AD3d 1184 , 1185), the Appellate Division, Third Department, stated: 
Defendant's proof also failed to establish that he properly set a time is of the essence closing date. In his answer, defendant conceded that he only sent notice of a time is of the essence closing date to plaintiff's attorney. However, the contract provided the terms by which notice was to be provided to the parties. That agreement unambiguously specifies that '[a]ll notices' from defendant were to be provided directly to, among others, plaintiff. Given this admitted failure to comply with the terms of the agreement regarding proper notice, defendant failed to properly establish a time is of the essence closing date ***.
The Appellate Division, Third Department, cited and followed Nehmadi v. Davis (63 AD3d 1125, supra)
The plaintiff buyer, on the other hand, relies on an earlier Appellate Division, Second Department case, Suarez v. Ingalls (282 AD2d 599, 600 [2001]), where the court found: "There is no merit to the plaintiff's argument that the cancellation was ineffective because it was not sent by certified mail. Strict compliance with the contract notice provisions was not required because the plaintiff does not claim that she did not receive actual notice, or was prejudiced by the deviation ***."
There are more recent Appellate Division, Second Department cases that are supportive of the plaintiff's position. In Fortune Limousine Serv., Inc. v. Nextel Commc'ns, (35 AD3d 350, 353 [2nd Dept. 2006]), the appellate court stated: " While strict compliance with contractual notice provisions need not be enforced where the adversary party does not claim the absence of actual notice or prejudice by the deviation ***, here Unistar claims that no notice was ever received, rendering the foregoing cases distinguishable." In Baygold Associates, Inc. v. Congregation Yetev Lev of Monsey, Inc. ( 81 AD3d 763, 764, [2nd Dept. 2011], aff'd on other grounds, 19 NY3d 223}, the Appellate Division, Second Department wrote "'[w]hile strict compliance with contractual notice provisions need not be enforced where the adversary party does not claim the absence of actual notice or prejudice by the deviation' *** this is not such a [*4]case ."
The cases relied on by the defendant sellers, Nehmadi v. Davis (supra) and Eichengrun v. Matarazzo (supra), are not easily reconciled with the primary case relied on by the plaintiff buyer, Suarez v. Ingalls (supra), and the two other cases found through this court's own research, Fortune Limousine Serv., Inc. v. Nextel Commc'ns (supra) and Baygold Associates, Inc. v. Congregation Yetev Lev of Monsey, Inc. (supra).
Baygold Associates, Inc. v. Congregation Yetev Lev of Monsey, Inc (supra) is the most recent case on point decided by the Appellate Division, Second Department. This Court, consequently, will follow it here. Although the defendant sellers allege that they never received a copy of the March letter, their attorney received the letter, and the defendants sellers do not allege the absence of actual notice or prejudice caused by the deviation from the contract. This Court concludes, therefore, that the defendant sellers are not entitled to summary judgment on the ground that the time of the essence letter was not sent in strict compliance with the notice provisions of the contract.
D. Venue
The defendant sellers assert that the time is of the essence letter is defective because it placed the venue of the closing at the office of the plaintiff buyer's attorney whereas the contract placed venue at the office of the defendant sellers' attorney or at the office of the lender's attorney. The defendant sellers cited no authority giving them the right to reject a time is of the essence letter for such a reason, and they did not argue that they were prejudiced by such a minor deviation from the terms of the contract. The plaintiff's attorney alleges - - without contradiction - - that the defendant sellers are residents of Illinois and North Carolina who would have to fly into New York anyway if they wanted to attend the closing. As a general rule of contract law, "a breach will excuse performance only if it is material or demonstrably prejudicial ***." (Unigard Sec. Ins. Co. v. N. River Ins. Co., 79 NY2d 576, 584.) The minor deviation from the contract regarding the closing venue was neither material nor prejudicial.
E. Reasonable Amount of Time for Performance
A party may make time of the essence by giving "clear, distinct, and unequivocal" notice to that effect which allows the other party a reasonable time in which to act. (Point Holding, LLC v. Crittenden, 119 AD3d 918, 919.) What amounts to a reasonable time to perform depends on the circumstances of the case. (Klein v. Klein, 134 AD3d 1066; Point Holding, LLC v. Crittenden, supra.)A time of the essence letter which does not give the other party " sufficient time to perform constitutes a nullity ***." ( Iannucci v. 70 Washington Partners, LLC, 51 AD3d 869, 871.) "Although the determination of reasonableness is a question of fact, it may become a question of law when there is no dispute as to the facts ***." (184 Joralemon, LLC v. Brklyn Hts Condos, LLC, 117 AD3d 699, 702.)
In the case at bar, at best for the defendant sellers, whether the time of the essence letter allowed them a sufficient time for performance is an issue of fact. The Court notes that the time of the essence letter sent on or about March 30, 2016, reads in relevant part: "Buyer entered into a contract with a closing date of 'on or about February 15, 2016.' Title objection was raised in January 12, 2016 giving your office nearly 3 months to clear the objections, which were merely obtaining payoffs and lien releases. Moreover, I had the title company call and verify tax lien payoffs and releases." The defendant sellers failed to show that the determination of reasonableness can be made as a matter of law, and, thus, they are not entitled to summary judgment on this ground. (See, Alvarez v. Prospect Hospital, 68 NY2d 320.)
The defendants' motion for summary judgment is, accordingly, denied.
The foregoing constitutes the decision, opinion, and order of this Court.
______________________________
Hon. Martin E. Ritholtz
Justice, Supreme Court, Queens County
Dated: November 28, 2016
Jamaica, New York