■ ALSIDE ALUMINUM SUPPLY COMPANY, Respondent, v. IRWIN BERLINER, Appellant, et al., Defendant.— Order insofar as appealed from unanimously modified to the extent of deleting the first ordering paragraph thereof and by deleting the word "answer" from the second ordering paragraph thereof and as so modified affirmed, without costs. Memorandum: In opposing plaintiff's motion for summary judgment on a guarantee agreement, appellant alleged that the agreement had been terminated prior to the accrual of any claim thereunder and presented proof (which was not denied by plaintiff) that plaintiff's representatives orally agreed that the guarantee was no longer in

effect and would not be used against appellant. Plaintiff relies on the provision of the agreement that it would continue in full force and effect until canceled by written notice. This provision requiring written notice, being for the benefit of plaintiff, might be waived by it. (*Sillman* v. *Twentieth Century-Fox*, 3 N Y 2d 395, 402, 403; *Axelrad* v. *Axelrad*, 285 App. Div. 903, affd. 309 N. Y. 687; *Knight* v. *Kitchen*, 237 App. Div. 506, 512.) Where, as here, the guarantor has the right to limit the life of the contract by giving notice to terminate it in accordance with its provisions, his right is absolute (cf. *New York Tel. Co.* v. *Jamestown Tel. Corp.*, 282 N. Y. 365, 372, 373) and if plaintiff, knowing of the guarantor's intent to terminate, acquiesced therein and assured the guarantor that the agreement was no longer in effect and nobody would use it against him, such conduct on its part might well be found to constitute a waiver of the contract requirement of written notice of termination. Failure of appellant's pleadings adequately to set forth any necessary allegation of waiver is not important at this stage of the proceedings because the pleadings may be amended. (*Curry* v. *Mackenzie*, 239 N. Y. 267). The facts presented sufficiently show the possibility of the existence of triable issues of fact to defeat plaintiff's motion for summary judgment. (*Sillman* v. *Twentieth Century-Fox, supra,* p. 404.) (Appeal fom certain parts of order of Onondaga Special Term granting motion for summary judgment.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.