■ MARTIN J. PATTEN et al., Appellants, v GEORGE NAGY, Respondent. — In an action for specific performance of a contract for the sale of real property, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dufficy, J.), dated June 16, 1980, as granted defendant's motion for summary judgment dismissing the complaint. Order reversed insofar as appealed from, with $50 costs and disbursements, and motion for summary judgment is denied. Leave is hereby granted to plaintiffs to amend the complaint, within 20 days after service upon them of a copy of the order to be made hereon, with notice of entry, to plead an oral agreement, waiving the contingency date in the condition subsequent in the sixth paragraph of the "Rider to Contract of Sale" and extending the time in which to obtain a firm mortgage commitment. An oral waiver of a contingency date in a condition subsequent in a contract for the sale of real property is not barred by section 5-703 of the General Obligations Law, which only contemplates modifications of executory terms of performance (cf. *Avendanio v Marcantonio,* 75 AD2d 796; *Loper v O'Rourke,* 86 Misc 2d 441). Furthermore an agent, without written authority, may orally agree to waive a contingency date in a contract for the sale of real property, where the modification is not precluded by subdivision 2 of section 5-703 or subdivision 1 of section 15-301 of the General Obligations Law. Section 5-1111 only requires the agent's authority to be in writing where the modification is required to be in writing. Questions of fact arise as to (1) whether an oral modification of the contract, waiving the contingency date and extending the time in which plaintiffs must obtain a firm mortgage commitment, was agreed to by defendant's attorney and (2) whether defendant's attorney was authorized to grant said modification, which preclude the granting of summary judgment. Additionally, we note plaintiffs' complaint fails to allege an oral agreement waiving the contingency date and extending the time in which to obtain a mortgage commitment. Since the aforesaid oral modification would not be barred under subdivision 2 of section 5-703 or subdivision 1 of section 15-301 of the General Obligations Law, leave to amend the complaint within 20 days of service on the plaintiffs of a copy of the order to be made hereon, with notice of entry, is hereby granted. Damiani, J. P., Titone, Mangano and Weinstein, JJ., concur.