■ DONALD YOST et al., Respondents-Appellants, v BLUE CROSS AND BLUE SHIELD OF CENTRAL NEW YORK, INC., Appellant-Respondent. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: Special Term did not abuse its discretion when it awarded plaintiffs the opportunity to produce competent and admissible proof that their son, Wayne Yost, was mentally ill and otherwise a covered person within the terms of the health contract issued to them by defendant. That the court had earlier issued an order granting defendant's motion for summary judgment dismissing the complaint, finding that "alcoholism and/or drug addiction is not mental illness within the meaning of the contract", is of no moment. This order was conditional, with leave to plaintiffs to submit additional medical proof of mental illness suffered by their son. While this order might be viewed as unorthodox, we

cannot say it was error. CPLR 3212 (g) empowers the court to deny or grant a motion for summary judgment in part, ascertain what facts are not in dispute or are incontrovertible, make an order specifying such facts, and "make any order as may aid in the disposition of the action" *(see, E. B. Metal & Rubber Indus. v County of Washington,* 102 AD2d 599, 603). This is what the court has done.

In response to the opportunity afforded them by the court's order, plaintiffs submitted affidavits from a licensed psychiatrist and an alcoholism counselor, each of whom averred that, in their professional opinion, Wayne Yost suffered from a personality disorder which is a specific category of mental illness as defined in section 1.03 (20) of the Mental Hygiene Law. Mental Hygiene Law § 1.03 (20) defines "mental illness" as follows: " 'Mental illness' means an affliction with a mental disease or mental condition which is manifested by a disorder or disturbance in behavior, feeling, thinking, or judgment to such an extent that the person afflicted requires care, treatment and rehabilitation". The insurance policy at issue here provides coverage for unmarried dependents of the policyholder who are 19 years of age or older and unable to support themselves (ostensibly Wayne Yost's situation) because of "mental illness * * * as defined in the New York State Mental Hygiene Law".

Defendant submitted nothing of substance in response to plaintiffs' supplemental affidavits and the court denied defendant's motion for summary judgment. We cannot conclude, on this record, that Special Term erred in denying defendant's motion *(see, Venigalla v Penn Mut. Ins. Co.,* 130 AD2d 974) and, in any event, the court reserved to defendant the opportunity to renew its motion upon completion of discovery. (Appeals from order of Supreme Court, Onondaga County, Hayes, J.—summary judgment.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.