■ LINDA DELLICARRI, Appellant, v HOWARD HIRSCHFELD et al., Respondents. [619 NYS2d 816] —Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Colabella, J.), entered January 26, 1993 in Westchester County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff seeks to recover a $12,000 down payment she made on a real estate sales contract that was never executed because of her inability to obtain a loan sufficient to finance the purchase. Defendants, the putative sellers and their attorneys, moved for summary judgment; they claim that plaintiff waived her right to cancel the contract by failing to notify the sellers of her intention to do so in a timely manner. Defendants' motion was granted and a judgment was entered thereon, from which plaintiff appeals.

We reverse. A contingency date, such as the time by which the purchaser must obtain a loan commitment, may be orally waived even though the sales contract, as here, provides that no modification may be made except in writing *(see, Patten v Nagy,* 86 AD2d 890; *Avendanio v Marcantonio,* 75 AD2d 796).

Plaintiff avers that in early February 1992, when she became aware that the lender would not be able to issue a commitment by the approaching deadline due to the fact that its appraiser had been delayed in visiting the premises and completing his report, she notified one of the sellers of this and was told not to worry about the dates, but just to "keep after the appraiser and the Bank". Anthony Dellicarri (hereinafter Dellicarri), who was plaintiff's attorney at the time, maintains that when he asked defendant Adam R. Kidan, an attorney representing the sellers, whether a written extension

would be necessary, Kidan assured him that the "time limits were extended pending 'the outcome of the appraisal' " and that he could rely upon Kidan's word in this respect.

Viewed in the light most favorable to plaintiff, this is sufficient to establish that the commitment date was waived, and in that circumstance plaintiff would be afforded a reasonable time to obtain a commitment, and also to cancel the contract if she were unable to do so. If in fact Kidan specifically requested that plaintiff refrain from giving notice of her desire to cancel the contract until she received a written rejection from the lender, as Dellicarri attests, and no such rejection had been received as of March 3, 1992 as the record seems to indicate, it cannot be said, as a matter of law, that plaintiff delayed unreasonably by failing to give notice until March 16, 1992.

Nor are we persuaded by defendants' contention that Dellicarri's letter of March 16, 1992 was without effect because it was not sent by registered or certified mail. Strict compliance with the contract's notice provisions was not required, for defendants do not claim that they did not receive actual notice or that they were in any way prejudiced as a result of this minimal deviation.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and motion denied.