■ MALONE ASSOCIATES, Formerly Known as MALONE PLAZA, INC., Appellant, v GRAND UNION COMPANY, Respondent. [671 NYS2d 861] —Mikoll, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered May 2, 1997 in Albany County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

The question presented upon this appeal is whether an original lessee, having assigned its right, title and interest in a lease, is nonetheless liable to the lessor for unpaid rent resulting from the assignee's extension of the lease pursuant to an automatic renewal clause.

The relevant facts are not in dispute. On April 9, 1973, plaintiff and defendant entered into a 20-year commercial lease covering premises in a shopping plaza in the Village of Malone, Franklin County. On April 6, 1983, defendant assigned all of its right, title and interest in the lease to Victory Markets, Inc., which occupied the premises and paid all rents due under the lease up to and including February 28, 1994, the expiration date of the original term of the lease. Thereafter, Victory continued in possession of the premises and continued to pay rent until September 1995 when it filed for protection pursuant to chapter 11 of the US Bankruptcy Code and moved to reject the lease, which rejection was approved effective September 20, 1995. Victory's holdover after the expiration of the original term of the lease effected an automatic renewal thereof for a term of five years, pursuant to a lease provision providing for such automatic extension absent the tenant's prior notification to the lessor that it did not desire to extend the lease.

In April 1996, plaintiff commenced this action against defendant seeking to recover unpaid rent claimed to be due by virtue of Victory's holdover and consequent extension of the lease. Defendant claimed, *inter alia*, that its liability under the lease terminated upon the expiration of the lease's original term,

i.e., on February 28, 1994, and moved for summary judgment. Supreme Court agreed and plaintiff appeals. We affirm.

It is undisputed that plaintiff gave no notice to defendant of the extension of the lease by virtue of Victory's holdover. It is likewise undisputed that plaintiff did not provide either defendant or Victory with the required notice pursuant to General Obligations Law § 5-905, which provides that: "No provision of a lease of any real property or premises which states that the term thereof shall be deemed renewed for a specified additional period of time unless the tenant gives notice to the lessor of his intention to quit the premises at the expiration of such term shall be operative unless the lessor, at least fifteen days and not more than thirty days previous to the time specified for the furnishing of such notice to him, shall give to the tenant written notice, served personally or by registered or certified mail, calling the attention of the tenant to the existence of such provision in the lease." Further, paragraph 25 of the lease provided that any notice required under the terms of the lease itself or pursuant to statute would not affect the tenant unless such notice had been delivered personally or sent by registered or certified mail to the tenant's principal office.

While plaintiff's failure to provide notice pursuant to General Obligations Law § 5-905 was of no consequence to Victory by virtue of the latter's election to hold over, the same result does not obtain with respect to defendant. Supreme Court correctly concluded that plaintiff, by failing to comply with General Obligations Law § 5-905 and with the cited provision of the lease, is precluded from seeking to impose any liability upon defendant resulting from Victory's extension of the lease.

In view of our holding, we do not reach the parties' remaining arguments.

Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.