■ LAURA SUAREZ, Appellant, v TRACEY L. INGALLS, Respondent. [723 NYS2d 380] —In an action, *inter alia,* for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Rockland County (Dillon, J.), dated May 16, 2000, which denied her motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant established her prima facie entitlement to judgment as a matter of law. She properly exercised her right to terminate the contract for the sale of real property on the ground that the plaintiff failed to obtain a mortgage commitment within the time provided by the contract (*see, Finkelman v Wood,* 203 AD2d 236). Under the particular circumstances of this case, the letter dated May 12, 1999, proposing an extension of the mortgage commitment date was of no legal significance.

There is no merit to the plaintiff's argument that the cancel-

lation was ineffective because it was not sent by certified mail. Strict compliance with the contract notice provisions was not required because the plaintiff does not claim that she did not receive actual notice, or was prejudiced by the deviation (*see, Dellicarri v Hirschfeld,* 210 AD2d 584). Therefore, the Supreme Court properly denied the plaintiff's motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint. Santucci, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.