■ FORTUNE LIMOUSINE SERVICE, INC., Respondent, v NEXTEL COMMUNICATIONS et al., Defendants, and UNISTAR LEASING et al., Appellants. [826 NYS2d 392]—

In an action, inter alia, to recover damages for breach of contract, the defendants Unistar Leasing and Unistar Capital Corporation I through V appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Kelly, J.), dated February 4, 2005, as denied those branches of their motion which were for summary judgment dismissing the first, second, and third causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion which were for summary judgment dismissing the first, second, and third causes of action are granted.

On November 7, 1995, the plaintiff Fortune Limousine, Inc. (hereinafter Fortune), and the defendants Nextel Communications and related companies (hereinafter Nextel), entered into a contract under which Nextel agreed to provide digital mobile communications services and equipment to Fortune. On November 8, 1995, Fortune and the defendants Unistar Leasing and related companies (hereinafter Unistar), entered into a separate contract. Under the separate contract, Fortune agreed to advance to Unistar the sum of $911.99 per month for an 11-month initial contract term in exchange for the possession and use of the Nextel communications equipment. After the expiration of the initial term, Fortune had the option to (1) exercise a one-dollar purchase opportunity by notifying Unistar in writing no later than 30 days prior to the expiration of the initial term; or (2) return the equipment to Unistar. If Fortune exercised neither option, Unistar was authorized to (a) remove the equipment and charge Unistar two monthly payments, or (b) continue the contract for successive one-year periods at the same monthly rental rate subject to the right of either party to terminate the contract upon 12-months written notice. The contract also provided that all required notices shall be sufficient if delivered personally or by certified or registered mail, postage prepaid.

From January 12 through November 12, 1996, Fortune advanced the requisite monthly payments to Unistar. The final payment for the initial contract term was due on November 12, 1996, and the contract was scheduled to expire. Unistar provided Fortune with 90 days advance notice that the contract was scheduled to expire, and that it should contact Unistar regarding renewal. According to Unistar, at no time prior to November 1996 did Fortune exercise either of its two options under the subject contract. According to Fortune, however, at some point prior to October 12, 1996, it notified Unistar of its intent to exercise the one-dollar purchase option.

After issue was joined, Fortune moved for class action certifi-

cation; that motion was denied. Thereafter, Fortune moved for permission to conduct pre-class certification discovery, and Nextel cross-moved for summary judgment dismissing the complaint insofar as asserted against it. The court granted Fortune's motion and Nextel's cross motion. Subsequently, Unistar moved for summary judgment dismissing the complaint as time-barred under the four-year limitations period under Article 2 and 2A of the Uniform Commercial Code governing the sale or lease of goods, and for failure to state a cause of action. Fortune cross-moved for leave to amend the complaint, or in the alternative, to permit amendment upon the conclusion of precertification discovery, compel Unistar's compliance with discovery and disclosure, and receive an extension to complete precertification and move for class certification. The Supreme Court denied those branches of Unistar's motion which were for summary judgment dismissing the first through third causes of action, but granted those branches of Unistar's motion which were for summary judgment dismissing the fourth and fifth causes of action predicated on violations of the General Business Law § 349. As to Fortune's cross motion, the Supreme Court denied leave to serve an amended complaint subject to renewal upon the completion of precertification discovery, granted the request to compel Unistar's compliance with discovery, and granted Fortune an extension of 20 days from the completion of pre-certification disclosure to move for class certification.

We disagree with the Supreme Court's finding that the first cause of action, sounding in breach of contract, should not be dismissed. The parties' contract required that at the conclusion of its 11-month term, Fortune either was to return the Nextel communications equipment to Unistar, or alternatively, purchase the equipment for one dollar upon at least 30 days written notice prior to the expiration of the contractual term. The affidavit of E. James Hanley, Unistar's president, submitted in support of summary judgment, asserted that at no time prior to the expiration of the contract term did Fortune return the equipment or exercise its option to purchase it. Hanley's averment is corroborated by a facsimile transmitted by Unistar to Fortune dated May 8, 1997, that the purchase option had not been exercised. Indeed, Fortune did not transmit a written exercise of the purchase option and a one-dollar check to Unistar until May 1997. Unistar therefore met its burden of establishing prima facie entitlement to summary judgment on the first cause of action (see *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068 [1979]; *Dalton v Educational Testing Serv.,* 294 AD2d 462, 463 [2002]), and the burden shifted to Fortune to

tender evidence in admissible form demonstrating the existence of a triable issue of fact warranting trial (*see Zuckerman v City of New York, supra* at 562).

Fortune attempted to raise a triable issue of fact in the affidavit of its president, Nathan Siegel, in which it was asserted that the purchase option had been exercised by notification to Unistar "at some point prior to October 12, 1996." However, Siegel's affidavit failed to raise an issue of fact sufficient to defeat summary judgment. Siegel failed to state whether the alleged notification was in writing as required by paragraph 14 of the parties' contract, and whether any such written notice was delivered to Unistar personally or by certified or registered mail as required by paragraph 17 of the contract. While strict compliance with contractual notice provisions need not be enforced where the adversary party does not claim the absence of actual notice or prejudice by the deviation (*see Suarez v Ingalls,* 282 AD2d 599, 599-600 [2001]; *Baker v Norman,* 226 AD2d 301, 303-304 [1996]; *Dellicarri v Hirschfeld,* 210 AD2d 584, 585 [1994]), here Unistar claims that no notice was ever received, rendering the foregoing cases distinguishable. Accordingly, the Supreme Court should have dismissed the first cause of action alleging a breach of contract.

The Supreme Court also erred in not granting summary judgment to Unistar on the second and third causes of action. The second cause of action predicated on unjust enrichment should have been dismissed since the relationship between the parties was defined by a valid written contract, which detailed the applicable terms and conditions for renewing or continuing the contract after the expiration of the initial 11-month term (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 388-389 [1987]), and the claim is duplicative of the first cause of action seeking to recover damages for breach of contract (*see Cooper, Bamundo, Hecht & Longworth, LLP v Kuczinski,* 14 AD3d 644, 645 [2005]; *Bettan v Geico Gen. Ins. Co.,* 296 AD2d 469, 470 [2002]). Fortune heavily relies upon *Citipostal, Inc. v Unistar Leasing* (283 AD2d 916 [2001]), wherein the Appellate Division, Fourth Department, examined a very similar contract involving Unistar and held that a cause of action for unjust enrichment should survive a motion to dismiss brought under CPLR 3211. However, *Citipostal* is distinguishable from the instant appeal. Aside from its examination of the claims through the prism of CPLR 3211 as opposed to CPLR 3212 as applicable here, the complaint in *Citipostal* did not plead a duplicative cause of action for breach of contract, whereas in this matter, a cause for contractual breach had been interposed.

The third cause of action seeking affirmative relief on the ground of unconscionable contract terms must also be dismissed as "[t]he doctrine of unconscionability is to be used as a shield, not a sword, and may not be used as a basis for affirmative recovery" (*Super Glue Corp. v Avis Rent A Car Sys.*, 132 AD2d 604, 606 [1987]). Moreover, Fortune failed to invoke any statute or case law authorizing it to serve as a "private attorney general" to vindicate the rights of the public by seeking a permanent injunction against Unistar to remove the allegedly unconscionable contract terms (*see e.g.* General Business Law § 349 [h]; *McGrath v Toys "R" Us, Inc.*, 3 NY3d 421, 439 [2004]; *Matter of Johnson v Blum*, 58 NY2d 454, 458-459 [1983]; *Marcus v Jewish Natl. Fund [Keren Kayemeth Leisrael]*, 158 AD2d 101, 108 [1990]; *Bank of N.Y. v Walden*, 194 Misc 2d 461, 464-465 [2002]; *Lennon v Philip Morris Cos.*, 189 Misc 2d 577 [2001]).

In light of our determinations, the remaining contentions have been rendered academic. Schmidt, J.P., Adams, Dillon and Covello, JJ., concur.