■ GLENBALL, LTD., Appellant, v TLY CONEY, LLC, Respondent. [851 NYS2d 641]—

In an action, inter alia, to permanently enjoin the defendant

from terminating a lease and for a judgment declaring that the plaintiff is not in default under the lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated May 13, 2007, as granted that branch of the defendant's cross motion which was to dismiss the complaint, in effect, pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's first cause of action alleged that its lease with the defendant landlord remains valid solely because the defendant landlord improperly served the required notice of lease termination. Contrary to the plaintiff's contention, however, the defendant's service of the notice of lease termination, which the plaintiff concedes was personally served upon one of its officers on Sunday, February 18, 2007, was not defective. Neither the lease itself nor the terms of the plaintiff's tenancy required service of the notice of lease termination to be made pursuant to any statutory provision. Nor did the lease specify that such a notice was to be treated as legal process. As such, the provisions of the General Business Law barring service of "legal process" on Sundays are not relevant or applicable (*see* General Business Law §§ 2, 11; *cf. Di Perna v Black,* 187 Misc 437 [1946]). Further, the plaintiff does not allege any prejudice from such service. Accordingly, such service was valid (*see Suarez v Ingalls,* 282 AD2d 599 [2001]; *cf. Fortune Limousine Serv., Inc. v Nextel Communications,* 35 AD3d 350, 353 [2006]) and the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the first cause of action for failure to state a cause of action.

The plaintiff's second cause of action alleged that the lease remains valid to the extent of permitting it to store its amusement park equipment on the leased premises during the term of the lease. The Supreme Court, however, correctly determined that the lease unambiguously required the plaintiff to operate an amusement park business at the premises, which the plaintiff has failed to do. Therefore, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the second cause of action based upon a defense founded on documentary evidence.

The Supreme Court did not improvidently exercise its discretion in allowing the Civil Court to entertain any remaining disputes arising under the lease, pursuant to an anticipated summary proceeding, since the Civil Court is the preferred forum for the resolution of landlord-tenant disputes in circum-

stances in which the tenant may obtain full relief in a summary proceeding (*see Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 28 [1984]; *All 4 Sports & Fitness, Inc. v Hamilton, Kane, Martin Enters., Inc.*, 22 AD3d 512, 513 [2005]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Fisher, Dillon and McCarthy, JJ., concur.