■ Juleah Co., L.P., Respondent, v Greenpoint-Goldman Corp., Appellant. [853 NYS2d 313]—

Defendant landlord was unable to prove that plaintiff ground tenant had performed substantial alterations, additions or improvements to the premises without defendant's consent, which would have been in violation of article 10 of the lease. Unrefuted testimony established that the lobby renovation project did not involve any structural work (*see Frequency Elecs. v We're Assoc. Co.*, 120 AD2d 489 [1986]), and consisted of painting, replacing wallpaper and carpeting, relocating the door to the package room, replacing the panel on the existing intercom system, and installation of a fan coil unit that utilized the building's preexisting chiller.

Defendant breached the lease by failing to issue an estoppel certificate in connection with plaintiff's application to refinance the underlying mortgage. Under article 34 of the lease, and the 1995 so-ordered stipulation that reaffirmed same, plaintiff was absolutely entitled to the issuance of such a certificate. Article 34 unambiguously provides that within 20 days of a request by the tenant, the landlord must furnish an estoppel certificate. Defendant argues that the proposed certificate sought a more extensive certification than required under the lease. Even if this were the case, defendant was still obliged to issue a certificate as to those items set forth in the lease. Defendant could have marked up the certificate or supplied its own form of certification, as suggested in plaintiff's attorney's letter of September 29, 2003. The fact that plaintiff may have requested a certification of items not specifically identified in the lease did not relieve defendant of its absolute obligation to issue an estoppel certificate within 20 days of the request.

Defendant also argues that the request for an estoppel certificate was not sent by registered mail, as required in article 24 of the lease. However, defendant's receipt of the request and its failure to object promptly constitute a waiver of that defect; ser-

vice was not invalidated under the circumstances (*see Rower v West Chamson Corp.*, 210 AD2d 7 [1994]).

As a consequence of defendant's wrongful withholding of the certificate, plaintiff is entitled to damages that were the natural and probable consequence of the breach. The trial court appropriately awarded damages over a 10-year period corresponding to the period of the refinanced loan. For the first three years of this period, the court awarded the difference between plaintiff's existing mortgage rate (7.54%) and the rate available on the refinanced loan (5.31%), for a total of $236,592 in increased mortgage payments. Since plaintiff's original loan was fully payable on January 1, 2007, the court then awarded the difference between the rate available at the time of trial in August 2006 (6.12%) and the rate available on the refinanced loan (5.31%), representing damages of $194,201 over the seven-year period. Plaintiff was further damaged in the amount of $20,000, representing its nonrefundable application fee. Concur—Nardelli, J.P., Williams, Sweeny and Catterson, JJ.