GLENBALL, LTD., Appellant, v TLY CONEY, LLC, Respondent. [874 NYS2d 128]—

The plaintiff's first cause of action alleged that its lease with the defendant landlord remains valid solely because the defendant landlord improperly served the required notice of lease termination. Contrary to the plaintiff's contention, however, the defendant's service of the notice of lease termination, which the plaintiff concedes was personally served upon one of its officers on Sunday, February 18, 2007, was not defective. Neither the lease itself nor the terms of the plaintiff's tenancy required service of the notice of lease termination to be made pursuant to any statutory provision. Nor did the lease specify that such a notice was to be treated as legal process. As such, the provisions of the General Business Law barring service of "legal process" on Sundays are not relevant or applicable (*see* General Business Law §§ 2, 11; *cf. Di Perna v Black*, 187 Misc 437 [1946]). Further, the plaintiff does not allege any prejudice from such service. Accordingly, such service was valid (*see Suarez v Ingalls*, 282 AD2d 599 [2001]; *cf. Fortune Limousine Serv., Inc. v Nextel Communications*, 35 AD3d 350, 353 [2006]) and the Supreme Court properly granted that branch of the defendant landlord's cross motion which was to dismiss the first cause of action for failure to state a cause of action.

Although the Civil Court is the preferred forum for the resolution of landlord-tenant disputes in circumstances in which the tenant may obtain full relief in a summary proceeding (*see Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 28 [1984]; *All 4 Sports & Fitness, Inc. v Hamilton, Kane, Martin Enters., Inc.*, 22 AD3d 512, 513 [2005]), here, no such summary proceeding was pending when the Supreme Court decided the motion. Moreover, a determination of the plaintiff's second cause of action, which is for a judgment declaring that the lease remains valid to the extent of permitting it to store its amusement park equipment on the leased premises during the term of the lease, cannot be made, as a matter of law, on the instant record. We therefore re-

mit the matter to the Supreme Court, Kings County, for further proceedings on that cause of action, and the entry of an appropriate declaratory judgment thereafter (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Fisher, Dillon and McCarthy, JJ., concur.