■ In the Matter of 2039 JERICHO TURNPIKE CORP., Appellant, v YUSUF CAGLAYAN et al., Respondents. [882 NYS2d 311]—

In a holdover proceeding, the petitioner appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated March 11, 2008 (19 Misc 3d 129[A], 2008 NY Slip Op 50528[U]) which reversed a judgment of the District Court, Suffolk County (Spelman, J.), entered October 30, 2006, which, after a nonjury trial, was in favor of the petitioner awarding it possession of the subject premises and the sum of $21,421, and dismissed the petition.

Ordered that the order of the Appellate Term is reversed, on the law, with costs, and the judgment of the District Court, Suffolk County, is reinstated.

In 1997 the respondents (hereinafter the tenants) and the appellant landlord's predecessor entered into a 10-year lease for the subject premises. A rider to the lease gave the tenants an option to renew for a period of five years. To exercise the option, the tenants were required to give the landlord written notice, by certified mail, return receipt requested, during a specified time period. Within that time period, the tenants' attorney purported to exercise the option by handwriting a declaration to that effect on the bottom of a fax cover sheet. Neither the landlord nor his attorney acknowledged receipt of that communication or acted in any way that might indicate that the option had been exercised. The tenants acknowledge that they never sent notice of their intent to exercise the option by the method specified in the rider. Near the termination of the lease period, the landlord sent a letter to the tenants advising them that they were required to surrender possession of the premises and, at the termination of the original lease term, the landlord commenced a summary holdover proceeding to evict the tenants. At the trial, the landlord's principal testified that he never

received notice of the tenants' intent to exercise the option. The District Court found that the tenants failed to exercise the option by failing to give notice in the manner specifically provided for in the rider, and judgment was entered in favor of the landlord. The Appellate Term reversed, holding that "in light of the course of dealings between landlord's attorney and tenants' attorney, and under all the circumstances, the notice given to landlord's attorney was a sufficient exercise of the option even though it was given to landlord's attorney rather than to landlord, and not sent by certified mail, return receipt requested" (*2039 Jericho Turnpike Corp. v Caglayan*, 19 Misc 3d 129[A], 2008 NY Slip Op 50528[U], *1). We reverse the Appellate Term's order and reinstate the District Court's judgment.

The lease rider specifically called for notice to the landlord in a particular manner. It is undisputed that notice was not given to the landlord in that manner, and there is no evidence in this record that the landlord waived such notice (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]). Although the tenants' principal testified that he personally delivered to the landlord's principal a notarized letter exercising the renewal option, the District Court specifically credited the testimony of the landlord's principal that he never received any such letter. Thus, the landlord cannot be found to have waived proper notice through the receipt of, and failure to promptly object to, notice given in an improper manner (*cf. Juleah Co., L.P. v Greenpoint-Goldman Corp.*, 49 AD3d 282, 283-284 [2008]; *Fortune Limousine Serv., Inc. v Nextel Communications*, 35 AD3d 350, 353 [2006]; *Rower v West Chamson Corp.*, 210 AD2d 7 [1994]; *Mlcoch v Smith*, 173 AD2d 443, 444-445 [1991]).

The tenants' remaining contentions are without merit. Fisher, J.P., Dillon, Covello and Dickerson, JJ., concur.