■ DIETER SCHAPFEL, Respondent, v THOMAS A. TAYLOR et al., Appellants. [884 NYS2d 764]—

In an action, inter alia, to recover damages for breach of a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated May 7, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants' contention that the plaintiff's waiver argument is precluded by the "no oral modifications" clause of the subject contract is without merit. In any event, "a contracting party may orally waive enforcement of a contract term notwithstanding a provision to the contrary in the agreement" (*Bank Leumi Trust Co. of N.Y. v Block 3102 Corp.*, 180 AD2d 588, 590 [1992], citing *Alside Aluminum Supply Co. v Berliner*, 32 AD2d 731 [1969]; *see Baker v Norman*, 226 AD2d 301, 303 [1996]; *Dellicarri v Hirschfeld*, 210 AD2d 584 [1994]). More particularly, a party is estopped from denying that his or her "attorney's communication constitutes a waiver of the time limit contained

in the mortgage contingency provision on the traditional equitable ground that plaintiffs incurred a substantial detriment (forfeiture of their down payment) by changing their course of conduct (as contemplated under the contract) in reliance on the statement, which was in all respects reasonable" (*Baker v Norman*, 226 AD2d at 304; *see Rose v Spa Realty Assoc.*, 42 NY2d 338 [1977]; *Donald v Barbato*, 27 AD3d 414 [2006]). Here, in opposition to the defendants' prima facie showing of their entitlement to judgment as a matter of law, the plaintiff raised triable issues of fact as to whether the statements and conduct of the defendant Abigail Wickham constituted a waiver of the time limit contained in the mortgage contingency provision of the parties' contract inducing the plaintiff to justifiably rely thereupon to his detriment (*see Baker v Norman*, 226 AD2d at 304). Accordingly, the Supreme Court correctly denied the defendants' motion. Spolzino, J.P., Angiolillo, Chambers and Lott, JJ., concur.