■ Iskalo Electric Tower LLC et al., Appellants, v Stantec Consulting Services, Inc., Respondent. [916 NYS2d 373]—

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered December 10, 2009. The order, insofar as appealed from, denied the motion of plaintiffs for partial summary judgment on their second cause of action.

It is hereby ordered that the order so appealed from is

unanimously modified on the law by granting that part of the motion for partial summary judgment on the second cause of action to the extent that plaintiffs' compliance with the notice requirement of article 3.1 (f) of the East Huron Street lease is deemed a fact established for all purposes in the action pursuant to CPLR 3212 (g) and by granting those parts of the motion for summary judgment dismissing the first, fourth and seventh affirmative defenses, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs appeal from an order that, inter alia, denied those parts of their motion for partial summary judgment on the second cause of action and for summary judgment dismissing the 1st, 4th and 7th through 16th affirmative defenses.

In September 2005 plaintiff Iskalo Electric Tower LLC (Iskalo) and defendant entered into a commercial lease agreement whereby Iskalo would lease approximately 8,700 square feet of office space to defendant in plaintiffs' Electric Tower building in the City of Buffalo (hereafter, Electric Tower lease). Pursuant to a lease dated October 31, 2005, plaintiff Downtown CBD Investors LLC (CBD) purported to lease to defendant 2,300 square feet of warehouse and parking space at 5 East Huron Street in the City of Buffalo (hereafter, East Huron Street lease), which was to be managed by Iskalo, but CBD had not yet purchased the 5 East Huron Street premises at the time the lease was executed. Article 3.1 (f) of the East Huron Street lease provided that, in the event that plaintiffs were not able to deliver possession of the 5 East Huron Street premises to defendant by December 1, 2005, plaintiffs would "provide notice to [defendant] on or before noon, October 31, 2005, so that [defendant] may extend the lease for its existing warehouse/parking facility to accommodate the delay in [d]elivery of [p]ossession." Defendant terminated both leases in March 2006 based on plaintiffs' failure to deliver possession of the 5 East Huron Street premises.

Plaintiffs commenced this action seeking damages for defendant's alleged breach of both leases. In its answer, defendant asserted 16 affirmative defenses, 6 of which were also labeled counterclaims, and defendant admitted the allegation in the complaint that, "[o]n or before October 31, 2005, CBD . . . gave notice to [defendant] that it would not be able to deliver possession of the 5 East Huron [Street premises] by December 1, 2005." Plaintiffs moved for partial summary judgment on the second cause of action, which alleged that defendant breached the Electric Tower lease by, inter alia, vacating the premises,

failing to give notice of termination and failing to pay rent. Plaintiffs also sought summary judgment dismissing the affirmative defenses and counterclaims. In support of their motion, plaintiffs contended that defendant's answer contained a judicial admission that plaintiffs had provided notice of their inability to deliver the premises by December 1, 2005, in accordance with the terms of the East Huron Street lease. In opposition to the motion, defendant contended that its admission of that allegation in the complaint could not be deemed a judicial admission. In addition, defendant submitted the affirmation of its corporate counsel and several exhibits attached thereto, including a copy of the October 31, 2005 facsimile transmission from plaintiffs' counsel providing notice of plaintiffs' inability to deliver possession of the 5 East Huron Street premises by December 1, 2005. Defendant's corporate counsel affirmed that the document was a true and accurate copy of the October 31, 2005 correspondence received by him.

We agree with plaintiffs that Supreme Court erred in denying that part of their motion with respect to the second cause of action on the sole ground that they failed to meet their burden of establishing that defendant's answer contained a judicial admission of notice pursuant to the terms of the East Huron Street lease. Indeed, based on our examination of the answer and the affirmation of defendant's corporate counsel submitted in opposition to the motion, we conclude that plaintiffs delivered the requisite written notice to defendant of their inability to deliver possession of the 5 East Huron Street premises, and thus we deem such notice established for all purposes in the action (*see* CPLR 3212 [g]). We therefore modify the order accordingly. Although we note that plaintiffs provided such notice by facsimile transmission to defendant's corporate counsel and did not provide such notice to defendant's chief executive officer, we nevertheless conclude that strict compliance with the notice provision of the lease was not required inasmuch as defendant does not contend that it did not receive actual notice, nor does it contend that it was prejudiced by the deviation (*see Fortune Limousine Serv., Inc. v Nextel Communications*, 35 AD3d 350, 353 [2006], *lv denied* 8 NY3d 816 [2007]; *Suarez v Ingalls*, 282 AD2d 599 [2001]; *Dellicarri v Hirschfeld*, 210 AD2d 584, 585 [1994]).

We further agree with plaintiffs that the court erred in denying those parts of their motion seeking summary judgment dismissing the first, fourth and seventh affirmative defenses, and we therefore further modify the order accordingly. With respect to the first affirmative defense, alleging that the complaint

fails to state a cause of action, we conclude that the complaint adequately states a cause of action for breach of contract (*see Furia v Furia*, 116 AD2d 694, 695 [1986]). With respect to the fourth affirmative defense, alleging that defendant was excused from performance under both leases based on plaintiffs' breach of the leases, we conclude that the affirmative defense set forth only conclusions of law without the necessary supporting facts (*see 170 W. Vil. Assoc. v G & E Realty, Inc.*, 56 AD3d 372 [2008]; *see generally Morgenstern v Cohon*, 2 NY2d 302, 308 [1957]). Finally, with respect to the seventh affirmative defense, based on promissory estoppel, we conclude that defendant does not allege that plaintiffs breached any duty independent of the leases and thus that promissory estoppel does not apply herein (*see generally Celle v Barclays Bank P.L.C.*, 48 AD3d 301, 303 [2008]; *Brown v Brown*, 12 AD3d 176 [2004]).

We decline the requests of plaintiffs and defendant, respectively, to search the record and grant summary judgment on the issues of the alleged scrivener's error or ambiguity in the East Huron Street lease, as well as with respect to defendant's right to terminate both leases pursuant to article 3.1 (f) of the East Huron Street lease. We have considered plaintiffs' remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.