■ BAYGOLD ASSOCIATES, INC., Appellant-Respondent, v CONGREGATION YETEV LEV OF MONSEY, INC., Respondent. (Action No. 1.) MONSEY PARK HOME FOR ADULTS, Appellant-Respondent, v ISRAEL ORZEL, Respondent-Appellant, et al., Defendants. (Action No. 2.) [916 NYS2d 639]—

In two related actions, inter alia, to recover damages for fraud and for a judgment declaring, in effect, that a lease was renewed pursuant to its terms, the plaintiff in action No. 1, Baygold Associates, Inc., and the plaintiff in action No. 2, Monsey Park Home for Adults, appeal from (1) a decision of the Supreme Court, Rockland County (Weiner, J.), dated March 10, 2010, and (2) a judgment of the same court dated May 3, 2010, which, upon the decision, and after a nonjury trial, dismissed the complaint in action No. 1 and declared that Baygold Associates, Inc., (a) did not renew its lease for the subject premises, (b) that its lease, and any subleases thereunder, expired on September 30, 2007, and (c) that it had no contractual or possessory interest in the subject premises, other than that arising from a month-to-month tenancy, and the defendant in action No. 2, Israel Orzel, cross-appeals from the decision.

Ordered that the appeal and cross appeal from the decision are dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509, 509-510 [1984]), and, in any event, the cross appeal must also be dismissed as abandoned; and it is further,

Ordered that the appeal by the plaintiff in action No. 2 from the judgment is dismissed, as it is not aggrieved by the judgment (see CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as appealed from by the plaintiff in action No. 1; and it is further,

Ordered that one bill of costs is awarded to the defendant in action No. 1, Congregation Yetev Lev of Monsey, Inc., payable by the plaintiff in action No.1, Baygold Associates, Inc.

Baygold Associates, Inc. (hereinafter Baygold), entered into a lease with the owner of the subject premises, Monsey Park Hotel, Inc. (hereinafter the landlord). Pursuant to the lease, Baygold was required to give notice of its intention to renew the lease by certified mail, return receipt requested, to the landlord.

" 'As this case was tried to the court, without a jury, this Court's power to review the evidence is as broad as that of the trial court, with appropriate regard given to the decision of the trial judge who was in a position to assess the credibility of the witnesses' " (Corner Assoc. Holdings, LLC v H.V.K. Realty Holding Co., 63 AD3d 774, 775 [2009], quoting Singh v Atakhanian, 31 AD3d 425, 426 [2006] [internal quotation marks omitted]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Bubba's Bagels of Wesley Hills, Inc. v Bergstol, 18 AD3d 411, 412 [2005]).

Here, the record supports the Supreme Court's determination that the tenant Baygold Associates, Inc. (hereinafter Baygold), failed to establish its compliance with the provision in the subject lease requiring that notice of the intent to renew the lease be given by certified mail, return receipt requested to the landlord. The "pre-bill worksheet" prepared by Baygold's attorney did not contain an entry reflecting that the renewal notice was ever sent. In addition, Baygold's attorney testified that although it was his custom and practice to maintain the receipt for certified mailings, he did not have the receipt or any other documentary proof of certified mailing with respect to the renewal notice (cf. Nassau Ins. Co. v Murray, 46 NY2d 828, 829-830 [1978]).

Moreover, "[w]hile strict compliance with contractual notice provisions need not be enforced where the adversary party does not claim the absence of actual notice or prejudice by the deviation" (Fortune Limousine Serv., Inc. v Nextel Communications, 35 AD3d 350, 353 [2006]; see Suarez v Ingalls, 282 AD2d 599, 600 [2001]; Dellicarri v Hirschfeld, 210 AD2d 584, 585 [1994]), this is not such a case (see Matter of 2039 Jericho Turnpike Corp. v Caglayan, 64 AD3d 609 [2009]; Fortune Limousine Serv., Inc. v Nextel Communications, 35 AD3d at 353; cf. Suarez v

*Ingalls*, 282 AD2d at 600; *Dellicarri v Hirschfeld*, 210 AD2d at 585).

Finally, the Supreme Court properly denied Baygold equitable relief, as it failed to establish that it "made improvements of a substantial character" in anticipation of renewing the lease (*J. N. A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 398 [1977]). Mastro, J.P., Chambers, Roman and Cohen, JJ., concur. **[Prior Case History: 27 Misc 3d 1202(A), 2010 NY Slip Op 50525(U).]**