2015-1201 N CEric Heischober, Respondent,
against
Alison Heischober, Appellant.



Appeal from a judgment of the District Court of Nassau County, First District (Darlene D. Harris-McCabe, J.), entered January 15, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,363.40.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action against defendant, his ex-wife, seeking to recover $3,130 in attorney's fees and costs he had incurred as a result of defendant's alleged breach of their divorce agreement. The evidence adduced at a nonjury trial established that the parties' divorce agreement provides that defendant shall not schedule activities for the parties' child during plaintiff's visitation time and, if she does, plaintiff shall be permitted to change visitation days. When defendant scheduled an activity for their daughter during plaintiff's Monday visitation time, plaintiff emailed defendant to request a change of visitation from Monday to Tuesday or Thursday. Defendant responded that neither Tuesday nor Thursday would work. Plaintiff made additional requests for a change in visitation, but defendant failed to respond to his emails. As a result, plaintiff hired an attorney to file a petition to change his visitation. Approximately four months after plaintiff's initial request to defendant for a change in visitation, the petition was granted. 
Following the small claims trial, the District Court found in favor of plaintiff and awarded him the principal sum of $2,363.40.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804).
Defendant concedes that the parties' divorce agreement provides that "[i]n the event that either party defaults with respect to any obligation set forth in the Agreement, the injured party shall send written notice, by certified mail return receipt requested to the defaulting party, which notice shall specify the nature of default and, if . . . the default is not cured, within ten days of receipt of said notice, and the injured party incurs attorney's fees and related expenses or costs in commencing and maintaining an action or proceeding to enforce this agreement, the defaulting party shall pay all such attorney's fees and costs." Here, the evidence established that defendant had breached the divorce agreement by scheduling a weekly activity for their daughter on plaintiff's visitation day and then refusing to change plaintiff's visitation day, although plaintiff made numerous requests for such change. While plaintiff did not establish that he had mailed a certified letter to defendant, plaintiff's failure to strictly comply with the divorce agreement's [*2]notice requirement is not fatal to plaintiff's cause of action because defendant does not claim that she did not receive actual notice or that she was prejudiced by that failure (see Suarez v Ingalls, 282 AD2d 599 [2001]). Rather, defendant had actual notice of plaintiff's numerous requests to change the visitation day, yet she refused these requests, necessitating plaintiff's filing of a petition. In view of the foregoing, we find that the judgment in favor of plaintiff provided the parties with substantial justice (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
Iannacci, J.P., and Brands, J., concur.
Decision Date: October 31, 2016