Lates v Town of Hume (2018 NY Slip Op 02048)





Lates v Town of Hume


2018 NY Slip Op 02048


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


141 CA 17-01315

[*1]JOSEPH H. LATES, PLAINTIFF-RESPONDENT,
v
TOWN OF HUME, DEFENDANT-APPELLANT. 






BURDEN, HAFNER & HANSEN, LLC, BUFFALO (SARAH E. HANSEN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
DOUGLAS WALTER DRAZEN, BINGHAMTON, FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered November 10, 2016. The order denied defendant's motion for summary judgment dismissing plaintiff's amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the amended complaint is dismissed.
Memorandum: Plaintiff commenced the instant action against defendant, Town of Hume (Town), after his free-standing garage on his property was destroyed by waters from the adjacent Hudson Creek (creek) following a night of hard rain. The creek had been experiencing erosion, causing it to encroach progressively on plaintiff's property, especially in the vicinity of the garage, where the flowing water began to undermine the garage's foundation. Plaintiff alleged in his amended complaint that the Town was negligent in, among other things, failing to maintain the creek despite being notified by plaintiff of the ongoing erosion, and in constructing or maintaining a bridge over the creek with the result that water was directed onto his property. Supreme Court denied the Town's motion for summary judgment dismissing plaintiff's amended complaint. We reverse.
We agree with the Town that the court erred in denying those parts of the motion with respect to the first and fourth causes of action alleging, among other things, that the Town's negligence in the construction and alteration of the bridge resulted in damage to plaintiff's property. Plaintiff conceded in his affidavit opposing the motion that it was not the bridge that caused the destruction to his garage but, rather, it was the lack of regular creek maintenance. In light of those admissions, we conclude that plaintiff abandoned the first and fourth causes of action and that the Town is entitled to summary judgment dismissing them (see CPLR 3212 [g]; see also Iskalo Elec. Tower LLC v Stantec Consulting Servs., Inc., 79 AD3d 1605, 1607 [4th Dept 2010]; see generally Yost v Blue Cross & Blue Shield of Cent. N.Y., 139 AD2d 903, 904 [4th Dept 1988]).
We further agree with the Town that the court erred in denying those parts of the motion with respect to the second, third, and fifth causes of action alleging, among other things, that the Town was negligent or careless in failing to act to prevent or abate damage on his property caused by the erosion. Here, plaintiff's allegations arise out of the Town's alleged failures to prevent or repair the erosion on plaintiff's property, which are alleged failures to engage in proprietary functions, inasmuch as any remediation by the Town would " substitute for or supplement traditionally private enterprises' " (Sebastian v State of New York, 93 NY2d 790, 793 [1999]). However, the Town established on the motion that it owed no duty to plaintiff either to remediate or to abate the soil erosion. Plaintiff conceded at his General Municipal Law § 50-h examination that the County of Allegany, not the Town, secured an easement across plaintiff's property and performed the creek maintenance since the 1990s.
With respect to plaintiff's allegation that the Town assumed a duty when it promised to provide plaintiff with a Town employee to perform work on plaintiff's property, we note that any such work by the Town was conditioned on plaintiff's first securing the necessary permits from the County and purchasing the materials for the creek repair, and plaintiff never did so. Thus, the Town established that it owed plaintiff no duty to abate or to remediate the soil, and plaintiff failed to raise a question of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
In light of our determination, the Town's remaining contentions are academic.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court