Goldin Real Estate, LLC v Shukla (2024 NY Slip Op 02304)

Goldin Real Estate, LLC v Shukla

2024 NY Slip Op 02304

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2021-02101
2021-02105
 (Index No. 707181/17)

[*1]Goldin Real Estate, LLC, appellant, 
v
Hari Shukla, et al., respondents, et al., defendants.

Feinzeig & Jaskiel, Brooklyn, NY (Jacob S. Feinzeig of counsel), for appellant.
Azam & Hertz LLP, Jackson Heights, NY (Khalid M. Azam and Afzaal M. Sipra of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover a down payment made pursuant to a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered November 24, 2020, and (2) an order of the same court dated March 5, 2021. The order entered November 24, 2020, denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants Hari Shukla and Queens Garden Apartments, LLC, and dismissing those defendants' counterclaims. The order dated March 5, 2021, insofar as appealed from, granted those branches of the motion of the defendants Hari Shukla and Queens Garden Apartments, LLC, which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and for summary judgment on their counterclaim, in effect, to recover liquidated damages in the amount of the down payment.
ORDERED that the order entered November 24, 2020, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated March 5, 2021, is reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of the motion of the defendants Hari Shukla and Queens Garden Apartments, LLC, which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and for summary judgment on their counterclaim, in effect, to recover liquidated damages in the amount of the down payment are denied.
The plaintiff commenced this action against, among others, the defendant Queens Garden Apartments, LLC (hereinafter Queens Garden), and its sole member, the defendant Hari Shukla (hereinafter together the defendants), inter alia, to recover a down payment made in connection with a contract to purchase real property from Queens Garden dated March 16, 2017. The complaint alleged, among other things, that the plaintiff timely canceled the contract and, consequently, was entitled to the return of the down payment. The defendants asserted counterclaims, inter alia, in effect, to recover liquidated damages in the amount of the down payment for the plaintiff's alleged failure to appear at a time-of-the-essence closing on May 18, 2017.
The plaintiff subsequently moved for summary judgment on the complaint insofar [*2]as asserted against the defendants and dismissing the defendants' counterclaims. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground, among others, that it was barred by documentary evidence and for summary judgment on their counterclaim, in effect, to recover liquidated damages in the amount of the down payment. The Supreme Court denied the plaintiff's motion and granted those branches of the defendants' motion. The plaintiff appeals.
Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue of fact (see Rotuba Extruders v Ceppos, 46 NY2d 223, 231). Upon a motion for summary judgment, the court's role is limited to one of issue finding rather than issue determination (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). "It is not the function of a court . . . to make credibility determinations or findings of fact, but rather to identify material triable issues of fact (or point to the lack thereof)" (Vega v Restani Constr. Corp., 18 NY3d 499, 505; see Martinez v 281 Broadway Holdings, LLC, 183 AD3d 716, 719).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating that the defendants orally agreed to extend the time to cancel the contract and that the plaintiff timely provided notice of termination of the contract (see Schapfel v Taylor, 65 AD3d 620, 620; Dellicarri v Hirschfeld, 210 AD2d 584, 585; Patten v Nagy, 86 AD2d 890, 890). In support of its motion, the plaintiff submitted, inter alia, an affirmation from B. David Schreiber, the attorney who represented the plaintiff in connection with the contract. Schreiber stated that on April 14, 2017, Shukla orally agreed to extend the cancellation period from April 17, 2017, to April 19, 2017. Schreiber further stated that on April 19, 2017, he emailed Queens Garden's counsel, Khalid M. Azam, to inquire as to an extension to May 1, 2017, Azam replied that "the due diligence period is over," and Schreiber responded by giving notice of termination of the contract and demanding return of the down payment.
In opposition, however, the defendants raised triable issues of fact as to whether they orally agreed to extend the time to cancel the contract until April 19, 2017 (cf. Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353, 355). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants and dismissing the defendants' counterclaims.
The Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. Insofar as that branch of their motion sought dismissal pursuant to CPLR 3211(a)(1), the defendants relied upon emails and affidavits, which do not constitute documentary evidence within the meaning of CPLR 3211(a)(1), as the contents thereof "can be controverted by other evidence" (MJ Lilly Assoc., LLC v Ovis Creative, LLC, 221 AD3d 805, 806; see Varricchio v Big Bros. Big Sisters of Am., Inc., 220 AD3d 905). Furthermore, this evidence failed to utterly refute the plaintiff's allegations or conclusively establish a defense as a matter of law (see Varricchio v Big Bros. Big Sisters of Am., Inc., 220 AD3d at 906). As the plaintiff contends, even if the plaintiff did not cancel the contract by providing written notice by personal delivery or prepaid registered or certified mail pursuant to paragraph 15.01 of the contract, strict compliance with contractual notice provisions is not required where, as here, the adversary party does not claim the absence of actual notice or prejudice by the deviation (see Suarez v Ingalls, 282 AD2d 599, 600; Dellicarri v Hirschfeld, 210 AD2d at 585; cf. Baygold Assoc., Inc. v Congregation Yetev Lev of Monsey, Inc., 81 AD3d 763, 764-765, affd 19 NY3d 223).
The defendants failed to establish, prima facie, that they were entitled to judgment as a matter of law on their counterclaim, in effect, to recover liquidated damages in the amount of the down payment, as they failed to eliminate triable issues of fact as to whether the plaintiff terminated the contract and, assuming the contract was not terminated, whether the plaintiff had a lawful excuse for failing to appear at the closing (see Schapfel v Taylor, 65 AD3d at 621; Baker v Norman, 226 AD2d 301, 304). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment on their counterclaim, in effect, to recover [*3]liquidated damages in the amount of the down payment regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court