Reed v Saint at Large Inc. (2025 NY Slip Op 51309(U))

[*1]

Reed v Saint at Large Inc.

2025 NY Slip Op 51309(U)

Decided on August 20, 2025

Civil Court Of The City Of New York, New York County

Zellan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 20, 2025
Civil Court of the City of New York, New York County

Lucienne H. Reed As Administrator For the Estate of 
 Dr. John Sugg a/k/a John Thomas Sugg III, Petitioner(s)

against
The Saint at Large Inc.; Stephen Pevner; "John" "Doe"; "Jane" "Doe"; "XYZ Corp.", Respondent(s)

Index No. LT-309111-25/NY

 
Jeffrey S. Zellan, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and Affidavits /Affirmations annexed 1
Answering Affidavits/ Affirmations 2
Reply Affidavits/ Affirmations 3
Memoranda of Law 4
Other(NYSCEF Docs 1-18) 5
Upon the foregoing cited papers, the Decision and Order on the motion is granted for the following reason(s):
Petitioner brings this holdover action based upon an alleged termination of a lease upon expiration. Respondent moves to dismiss the petition pursuant to CPLR 3211(a)(1) and (7). The motion is granted, and the petition is dismissed.
On or about November 11, 2015, the parties entered into five-year lease, which also provides that "the Tenant shall have an exclusive option to renew for three (3) additional consecutive lease terms of five years each." See, Articles II and III (NYSCEF Doc. No. 9). Article III also provides that there will be a 10% rent increase for each extension.
The parties do not dispute that the option to renew is solely that of the respondent-tenant's and not that of the petitioner-landlord. As long as respondent is not otherwise in breach of the lease, respondent may opt to extend the lease for an additional ten years, subject to a 10% rent increase. Contrary to petitioner's assertions, the lease - including the extension provisions of [*2]Article III and the notice provisions of Article XVI, Section 6 - is completely silent regarding whether, and if so by what method, if any, respondent must convey to petitioner its decision to exercise its option to renew.
Petitioner argues that in the absence of any express requirement in the lease to provide notice of the extension option, the notice requirements of Article XVI should be inferred to apply to respondent's decision to renew. Notably, the caselaw upon which petitioner relies in support of this position all arise from leases that contain express notice of renewal requirements. See, e.g., Matter of 2039 Jericho Tpk. Corp. v Caglayan, 64 AD3d 609, 610 (2d Dept 2009) ("The lease rider specifically called for notice to the landlord in a particular manner. It is undisputed that notice was not given to the landlord in that manner, and there is no evidence in this record that the landlord waived such notice"); O'Malley v Ruggiero, 245 AD2d 1129, 1129 (4th Dept 1997)("The general rule is that a tenant who fails to exercise an option to renew a lease in a timely manner 'is without a remedy at law"). Indeed, the caselaw supports respondent's view that in the absence of any notice requirement, respondent, by remaining in occupancy and not vacating and surrendering, has sufficiently indicated its intent to renew. See, Foster v. Mulcahey, 196 A.D. 814 (4th Dept. 1921); 34 NY Jur., Landlord and Tenant, § 419, and cases cited; Rasch, New York Landlord & Tenant [2d ed.], § 333); Brooks v. Elabed, 7 Misc 3d 132(A) (App. Term 2d Dept. April 26, 2005)("Where, as here, no particular method for exercising a right to renew is prescribed in a lease, a tenant may adopt any reasonable method at the end of the term to indicate that tenant elects to renew the lease. Tenant's election may be implied from continuing in possession after expiration of the lease.")(citing Foster v Mulcahey, 196 A.D. 814); see also Pitkin Seafood, Inc. v. Pitrock Realty Corp., 146 AD2d 618 (2nd Dept. 1989); 2MRealty Corp. v. Boehm, 204 AD2d 620, (2nd Dept. 1994); Malone Assocs. v. Grand Union Co., 249 AD2d 830 (3rd Dept. 1998). 
Unfortunately for petitioner, no notice or method of notice requirement exists in the lease applicable to the instant action, and the Court declines to rewrite a business contract between two commercial entities inferring a specific method of notice requirement when none exists. Had the parties wished to apply the notice provisions of Article XVI to the extension provisions of Article III, the parties could have done so, but they did not, and the Court is not going to save the parties from their own inartful contract construction.
That said, this does not leave respondent without potential liability, and petitioner without a potential remedy, albeit perhaps not under the holdover theory expressed in the instant petition. By conveying its intent to renew by remaining in the premises, respondent has accepted liability for the rent at the 10% increased amount. Indeed, respondent themselves has acknowledged its obligation to pay rent at the 10% increased amount by asserting in its papers that even absent a requirement to notify petitioner of its intent to renew, respondent had done so by paying, or attempting to pay, the increased rental amount (which petitioner asserts respondent did not pay to petitioner but rather to their own counsel - presumably in escrow because petitioner refused to accept payment due to the purported termination of the lease and resulting holdover action). Thus, in the end, the lease did not expire. It was renewed. Accordingly, the holdover action based upon an alleged lease expiration is dismissed. However, the petition is expressly dismissed without prejudice to petitioner pursuing any potentially applicable non-payment action (or presumably any other holdover action based upon some other grounds, if any).
Accordingly, it is:
ORDERED that the motion to dismiss pursuant to is granted and the instant holdover petition is dismissed with prejudice.
Date: August 20, 2025
Hon. Jeffrey S. Zellan, J.C.C.